# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1641

_____

Troy J. Lenz,                            *
                                         *
                Appellee,                *
                                         *   Appeal from the United States
v.                                       *   District Court for the
                                         *   Southern District of Iowa.
Yellow Transportation, Inc.,             *
                                         *
                Appellant.               *

_____

Submitted: October 14, 2005
Filed:  December 16, 2005

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Yellow Transportation, Inc., ("Yellow") appeals from the district court's order denying its motion to compel arbitration. Yellow argues that the district court erred in finding that Troy Lenz, a former Customer Service Representative for Yellow, is included in the "transportation worker" exemption of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1. For the reasons discussed below, we now reverse.

## I. *Background*

Yellow is a transportation company serving primarily as a carrier of general commodities by truck. Employment-related disagreements between Yellow and its employees are governed by a Dispute Resolution Agreement ("DRA") that requires

the arbitration of all disputes. The DRA applies to "all disputes, claims, or controversies arising out of, or related to [the employee's] employment with Yellow that would otherwise require or allow resort to a court or other governmental tribunal." The DRA provides that employment claims "include, but are not limited to, claims of discrimination, harassment or retaliation or claims for benefits brought against Yellow . . . whether based on local, state, or federal laws or regulations, or on tort, or equitable law or otherwise." The DRA requires that all employment claims "be resolved exclusively by final and binding arbitration before a neutral arbitrator." Specifically, the DRA requires that the FAA controls; and, where the FAA is inapplicable, the DRA states that the Indiana Uniform Arbitration Act controls.

Troy Lenz signed the DRA when he began employment with Yellow as a Customer Service Representative. As a Customer Service Representative, Lenz's duties required him to "[p]rovide courteous, efficient, timely and informed service to customers calling a Yellow Freight Customer Service Center. Receiving incoming telephone calls, answer questions and investigate decisions, as necessary, following the philosophy of 'what is the right thing to do.' Refer to others for answers as deemed appropriate." Lenz was also to "[d]eliver personal service to customers via telephone contact in response initiated inquiries. Ensure customer satisfaction by listening and responding to customer needs and requirements. Use CRT mainframe and personal computer programs to review and/or modify customer service information."[1]

---

[1]More specifically, Lenz's duties included, but were not limited to, the following:

1.  Coordinate freight flow by expediting movement of shipment and contacting terminal and/or central dispatch.

2.  Inform customers when delivery of shipment can be expected by tracing the shipment through the system. Contact terminal(s) for specific details if appropriate information is not available on the computer. Provide evidence that shipment was delivered as contracted.

Yellow fired Lenz two months into his employment, and Lenz filed suit in Iowa state court alleging Yellow violated the Iowa Civil Rights Act. Yellow removed the case to the United States District Court for the Southern District of Iowa and filed a motion to compel arbitration and stay action based on the DRA. The district court denied Yellow's motion to compel arbitration, ruling that despite the strong federal policy favoring arbitration, the FAA's exemption for transportation workers applied to Lenz. Finding that Yellow was in the transportation industry and that Lenz was directly engaged in interstate transportation, the district court ruled that Lenz fell within the FAA's exemption. The court further held that because Lenz fell within the FAA's exclusion, Iowa's law disfavoring arbitration in the employment context was

3. Ask the customer the correct questions to elicit the information needed to make an accurate rate quote based on shipment classification, weight and distance. Ascertain discrepancies between information provided for rate quote and information provided on shipment invoice to resolve invoice disputes.

4. Provide status of a claim to the customer. Work with OS&D as necessary.

5. Provide general information about Yellow Freight products and locales of services. Recognize and act on opportunities to sell Yellow Freight services.

6. Identify appropriate company resources for customer questions that require referral. Track issues that require follow-up and keep customer informed of issue status. Maintain proactive communication with Manager, Customer Relations.

7. Identity issues and opportunities that contribute to process improvement. Participate in efforts to implement solutions, working on team objectives and goals. Assist in making organizational and technological changes invisible to the customer.

not preempted by the FAA. Accordingly, the district court held that the DRA was unenforceable under Iowa law and that arbitration need not be compelled.

Yellow appeals, arguing that the district court erred in finding, as a matter of law, that the FAA's transportation worker exemption applied to Lenz. Yellow argues that the FAA's "transportation worker" exemption under § 1 of the FAA does not apply to Lenz, a Customer Service Representative. We agree and reverse.

II. *Analysis*

We review a denial of a motion to compel arbitration de novo. *Telectronics Pacing Sys., Inc. v. Guidant Corp.*, 143 F.3d 428, 430 (8th Cir. 1998).

The FAA "compels judicial enforcement of a wide range of written arbitration agreements." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001). Congress's purpose for enacting the FAA was "to reverse the longstanding judicial hostility to arbitration agreements." *Gannon v. Circuit City Stores, Inc.*, 262 F.3d 677, 679 (8th Cir. 2001) (citation omitted). Thus, the FAA establishes a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). It applies both in federal courts and state courts, as Congress intended the FAA to pre-empt state anti-arbitration laws to the contrary. *Circuit City*, 532 U.S. at 122.

While the FAA applies to employment contracts, § 1 of the FAA excludes from the Act's coverage "contracts of employment of seamen, railroad employees, or *any other class of workers engaged in foreign or interstate commerce*." 9 U.S.C. § 1 (emphasis added). This exclusion provision "is limited to transportation workers, defined, [. . .], as those workers 'actually engaged in the movement of goods in interstate commerce.'" *Circuit City*, 532 U.S. at 112 (quoting *Cole v. Burns Int'l Security Servs.*, 105 F.3d 1465, 1471 (D.C. Cir. 1997)). This exclusion shows Congress's "concern with transportation workers and their necessary role in the free

flow of goods. . . ." *Circuit City*, 532 U.S. at 121. The Court surmised that "[i]t would be rational for Congress to ensure that workers in general would be covered by the provisions of the FAA, while reserving for itself more specific legislation for those engaged in transportation." *Id*. "The emphasis [of the § 1 exclusion, therefore,] was on a class of workers in the transportation industry, rather than on workers who incidentally transported goods interstate as part of their job in an industry that would otherwise be unregulated." *Hill v. Rent-a-Center, Inc.*, 398 F.3d 1286, 1289 (11th Cir. 2005).

The issue before us is simple—whether Lenz, a Customer Service Representative, is a "transportation worker" under § 1 of the FAA and is therefore exempt from the DRA he entered into with Yellow. Because Lenz works in the transportation industry, we must determine whether his job duties are so closely related to interstate commerce as to consider him a "transportation worker" and thus exempt from the FAA. *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 836 (8th Cir. 1997) (holding that the § 1 exemption should be narrowly construed).

Indisputably, if Lenz were a truck driver, he would be considered a transportation worker under § 1 of the FAA. *Harden v. Roadway Package Sys., Inc.*, 249 F.3d 1137 (9th Cir. 2001); *see also Am. Postal Workers Union v. United States Postal Serv.*, 823 F.2d 466, 473 (11th Cir. 1987) ("Numerous courts have limited the exclusion [in § 1 of the FAA] to 'workers actually engaged in interstate commerce,' including bus drivers and truck drivers."). A more difficult question arises when an employee, like Lenz, works for a transportation company but is not a truck driver or transporter of goods. Some employees, with duties only tangentially related to movement of goods, have been determined to not be exempt. For example, the Eleventh Circuit held that a pre-departure security agent at an international airport who inspected goods and people at the airport was not "engaged in commerce" and thus was not a "transportation worker" exempt under § 1 of the FAA. *Perez v. Globe Airport Sec. Serv., Inc.*, 253 F.3d 1280, 1284 (11th Cir. 2001). Likewise, the D.C.

Circuit determined that a security guard at a train station was not a "transportation worker" because he was not actually involved in the "'flow'" of commerce, meaning he was not responsible for the transportation and distribution of the goods. *Cole v. Burns Int'l Sec. Serv.*, 105 F.3d 1465, 1472 (D.C. Cir. 1997).[2]

Synthesizing analytical factors used by other courts, we will apply the following non-exclusive list of factors in determining whether an employee is so closely related to interstate commerce that he or she fits within the § 1 exemption of the FAA: first, whether the employee works in the transportation industry; second, whether the employee is directly responsible for transporting the goods in interstate commerce; third, whether the employee handles goods that travel interstate; fourth, whether the employee supervises employees who are themselves transportation workers, such as truck drivers; fifth, whether, like seamen or railroad employees, the employee is within a class of employees for which special arbitration already existed when Congress enacted the FAA; sixth, whether the vehicle itself is vital to the commercial

---

[2]In contrast to *Perez* and *Cole*, two courts have held that postal workers, who process packages that move interstate, are transportation workers within the § 1 exemption. *Bacashihua v. United States Postal Serv.*, 859 F.2d 402, 405 (6th Cir. 1988); *Am. Postal Workers Union v. United States Postal Serv.*, 823 F.2d 466 (11th Cir. 1987). Similarly, the Third Circuit found that a "field services supervisor" who supervised between 30 and 35 drivers and monitored and improved the performance of the drivers to ensure efficient deliveries at an intrastate, interstate, and international package transportation and delivery company was a transportation worker. *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 590 (3rd Cir. 2004). The court held that the field services supervisor's "direct supervision of package shipments [made her] work 'so closely related [to interstate and foreign commerce] as to be in practical effect part of it.'" *Id.* at 593 (quoting *Tenney Eng'g, Inc. v. United Elec. Radio & Mach. Workers of Am.*, 207 F.2d 450, 452 (3d Cir. 1953)). The court refused to limit the § 1 exemption to only those truck drivers who physically move packages because such a limitation would narrow the exemption in a manner that Congress never intended; if Congress wanted the residual clause to cover only employees who physically transport goods, it could have phrased the residual clause differently. *Id.* at 593–94.

enterprise of the employer; seventh, whether a strike by the employee would disrupt interstate commerce; and eighth, the nexus that exists between the employee's job duties and the vehicle the employee uses in carrying out his duties (i.e., a truck driver whose only job is to deliver goods cannot perform his job without a truck). *See Lorntzen v. Swift Transportation, Inc.*, 316 F. Supp. 2d 1093, 1097 (D. Kan. 2004); *Veliz v. Cintas Corp.*, No. C 03-1180 SBA, 2004 WL 2452851, at *6 (N.D. Cal. Apr. 5, 2004).

Applying the factors above to the present facts, we hold that Lenz, a Customer Service Representative, is not a "transportation worker" under § 1 of the FAA and, therefore, is not exempt from the DRA he entered into with Yellow. First, while Lenz worked in the transportation industry, he never directly transported goods in interstate commerce. Second, Lenz had no direct responsibility for transporting goods in interstate commerce. Third, unlike the postal workers in *Bacashihua* and *American Postal* who handled packages that moved interstate, Lenz never handled any of the packages that Yellow delivered. Fourth, unlike the field service supervisor in *Palcko*, Lenz did not directly supervise the drivers in interstate commerce; instead, his job was to provide information services to customers calling Yellow. Fifth, Lenz was not within a class of workers for which special arbitration already existed at the time Congress enacted the FAA. Sixth, Lenz did not operate any vehicle in interstate commerce. Seventh, a strike by commercial service representatives, while inconvenient for Yellow, would not disrupt interstate commerce or halt trucks from delivering the general commodities. Lastly, regarding the nexus between Lenz's job duties and interstate commerce, Lenz did have a duty to "coordinate freight flow by expediting movement of shipment and contacting terminal and/or central dispatch" and to "make decisions, as necessary, following the philosophy of 'what is the right thing to do;'" however, taking his job duties as a whole, Lenz's central task was to answer the questions of and provide information to Yellow customers, not to supervise packages moving in interstate commerce.

### III. *Conclusion*

Accordingly, we hold that the FAA's "transportation worker" exemption does not apply to Lenz, a Customer Service Representative, and reverse the district court's order denying Yellow's motion to compel arbitration.

———————————————