TRINITY UNIVERSAL INSURANCE COMPANY, Petitioner,

v.

CELLULAR ONE GROUP, Respondent.

No. 07–0140.

Supreme Court of Texas.

Argued Feb. 6, 2008.

Decided Aug. 29, 2008.

Rehearing Denied Dec. 5, 2008.

Sidney H. Davis Jr., Touchstone Bernays Johnston Beall & Smith, LLP, Dallas TX, for Petitioner.

Charles L. Perry, Andrews & Kurth, L.L.P., Dallas TX, for Respondent.

Chief Justice JEFFERSON delivered the opinion of the Court, in which Justice O'NEILL, Justice WAINWRIGHT, Justice MEDINA, Justice GREEN, Justice JOHNSON, and Justice WILLETT joined.

Cellular One Group, a wireless telephone manufacturer, was sued in three putative class action lawsuits in which the plaintiffs alleged that radio frequency radiation emitted by wireless telephone handsets caused biological injury. Cellular One tendered the defense of these suits to its insurer, Trinity Universal Insurance Company, from which Cellular One had purchased a number of commercial general liability policies and excess liability policies over a ten-year period. The policies at issue covered "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." The policies defined "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

Trinity agreed to defend the cases, but reserved its right to contest its obligation to defend or indemnify. Trinity then sought a declaration that it had no duty to defend the cases. On cross motions for summary judgment, the trial court held that Trinity had a duty to defend Cellular One in *Farina, Gilliam,* and *Pinney.*[1] In a memorandum opinion, the court of appeals affirmed, noting that all of Trinity's issues had been resolved in that court's *Samsung* and *Nokia* decisions. 268 S.W.3d 487 and 268 S.W.3d 506.

---

1. Trinity's motion for summary judgment stated that Trinity was a defendant in five class action lawsuits (*Pinney, Farina, Gilliam, Gimpelson,* and *Naquin* ) and asserted that there was no duty to defend any of them. For reasons that are not apparent from the record, the trial court's judgment was limited to

*Farina, Gilliam,* and *Pinney.* Neither party complains of the omission of *Gimpelson* and *Naquin,* and we do not address those underlying cases. All of the cases are described more fully in *Zurich American Insurance Co. v. Nokia,* 268 S.W.3d 487, 2008 WL 3991183, decided today.

Today, in *Zurich American Insurance Co. v. Nokia*, 268 S.W.3d 487, we hold that the insurers have a duty to defend the very cases at issue here. *Zurich* is dispositive. For the reasons stated therein, we conclude that Trinity has a duty to defend Cellular One in *Farina, Gilliam,* and *Pinney,* and we affirm the court of appeals' judgment.

Justice HECHT delivered a dissenting opinion, in which Justice BRISTER joined.

Justice HECHT, joined by JUSTICE BRISTER, dissenting.

For the reasons expressed today in my dissenting opinion in *Zurich American Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 2008 WL 3991183 (Tex.2008) (Hecht, J., dissenting), I respectfully dissent from the Court's opinion in this case.