**FEDERAL INSURANCE COMPANY,
Petitioner,**

**v.**

**SAMSUNG ELECTRONICS AMERICA, Samsung Telecommunications America, L.P. f/k/a Samsung Telecommunications America, Inc. and Samsung Electronics Co., Ltd., Respondents.**

No. 06–1040.

Supreme Court of Texas.

Argued Nov. 30, 2007.

Decided Aug. 29, 2008.

Michael W. Huddleston, J. Stephen Gibson, Shannon Gracey Ratliff & Miller, L.L.P., Dallas, TX, Kirk C. Chamberlin, Chamberlin Keaster & Brockman LLP, Encino, CA, Lan Vu, Nicholas R. Andrea, Charleston Revich & Chamberlain, L.L.P., Los Angeles, CA, for Petitioner.

Ronald D. Stutes, Michael E. Jones, E. Glenn Thames Jr., Diane Vinson Devasto, Potter Minton, P.C., Tyler, TX, Finley

Harchkham, Richard P. Lewis, John G. Nevius, Anderson, Kill & Olick, New York, NY, for Respondent.

Wadde Caven Crosnoe, Thompson Coe Cousins & Irons, L.L.P., Austin, TX, for Amicus Curiae.

Chief Justice JEFFERSON delivered the opinion of the Court, in which Justice O'NEILL, Justice WAINWRIGHT, Justice MEDINA, Justice GREEN, Justice JOHNSON, and Justice WILLETT joined.

Samsung,[1] a wireless telephone manufacturer, was sued in five putative class action lawsuits (*Pinney, Farina, Gilliam, Gimpelson,* and *Dahlgren* )[2] alleging that radio frequency radiation emitted by Samsung phones caused biological injury. Samsung tendered the defense of these cases to Federal, from which Samsung had purchased several commercial general liability insurance policies and excess liability policies over an eleven-year period. The relevant policies covered "damages the insured becomes legally obligated to pay … because of bodily injury," defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."[3] Reserving its right to contest coverage, Federal agreed to defend all of the cases except *Dahlgren.* Federal then sought a declaration that it

had no duty to defend Samsung and moved for summary judgment on that basis. The trial court granted Federal's motion, holding that Federal had no duty to defend Samsung in the five cases. The court of appeals reversed in part, holding that Federal owed a duty to defend *Pinney, Farina, Gilliam,* and *Gimpelson.* 202 S.W.3d 372, 384. The court of appeals agreed that Federal had no duty to defend *Dahlgren,* and it affirmed that part of the trial court's judgment. *Id.*

Federal petitioned this Court for review, asserting that it had no duty to defend *Pinney, Farina, Gilliam,* and *Gimpelson,* as the complaints did not state claims for bodily injury or seek damages because of bodily injury.[4] We granted the petition.[5] 51 Tex. Sup.Ct. J. 126 (Nov. 30, 2007).

Today, in *Zurich American Insurance Co. v. Nokia,* No. 06–1030, 268 S.W.3d 487, 2008 WL 3991183 (Tex. Aug. 29, 2008), we hold that the insurers have a duty to defend the very cases at issue here. *Zurich* is dispositive. For the reasons stated therein, we conclude that Federal has a duty to defend Samsung in *Pinney, Farina, Gilliam,* and *Gimpelson,* and we affirm the court of appeals' judgment.

Justice HECHT delivered a dissenting opinion, in which Justice BRISTER joined.

---

1. The defendants in the putative class actions are Samsung Electronics America, Inc., Samsung Telecommunications America, L.P. f/k/a Samsung Telecommunications America, Inc. and Samsung Electronics Co., Ltd. For ease of reference, we refer to these entities collectively as "Samsung."

2. These cases are described more fully in *Zurich American Insurance Co. v. Nokia,* 268 S.W.3d 487, decided today.

3. Some of the policies defined "bodily injury" as "physical injury, sickness, or disease sustained by a person and, if arising out of the foregoing, mental anguish, mental injury,

shock, humiliation or death at any time." The court of appeals held, and we agree, that any variations in wording do not affect the issues on appeal. 202 S.W.3d at 375 n. 3.

4. Samsung did not petition this Court for review of that part of the court of appeals' judgment holding that the insurers had no duty to defend Samsung in the *Dahlgren* case. TEX.R.APP. P. 53.1. Thus, that issue is not before us.

5. The Complex Insurance Claims Litigation Association submitted an amicus curiae brief. TEX.R.APP. P. 11.

Justice HECHT, joined by Justice BRISTER, dissenting.

For the reasons expressed today in my dissenting opinion in *Zurich American Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 2008 WL 3991183 (Tex.2008) (Hecht, J., dissenting), I respectfully dissent from the Court's opinion in this case.