

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00141-CV

_____

IN RE:
GLADEWATER HEALTHCARE CENTER,
IN ITS ASSUMED OR COMMON NAME, ET AL.

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

Relators[1]—corporate healthcare entities operating nursing homes, or individuals connected to those operations, in Upshur County—are defendants in four healthcare liability actions pending in the trial court since August 2003. Each action alleges negligence in care of one of four nursing home residents leading to the death of that resident. Plaintiffs filed three expert reports in each of the four cases, which, according to Relators, are substantially similar. Relators filed motions to dismiss in each of the cases based on alleged failure to file the expert report required by former Article 4590i. The trial court denied Relators' motions to dismiss.[2] In this case, we consider the petition for writ of mandamus arising from trial court cause number 545-03, the *Richardson* case.[3]

---

[1]Relators are Gladewater Healthcare Center, in its assumed or common name; Nexion Health at Gladewater, Inc.; Nexion Health, Inc.; Nexion Management, Inc.; Nexion Health at Texas, Inc.; Nexion Health Realty, Inc.; Darlene Maloney; Bruce Hinshaw; Donna Albright; Upshur Manor Nursing Home, in its assumed or common name; Nexion Health at Gilmer, Inc.; Doyle Ross; Denise Honnoll; and Thyra Hawkins. In this opinion, they are collectively called Relators.

[2]The trial court granted Relators' motion to reconsider its ruling; but, after reconsidering, again denied the motions to dismiss.

[3]In three other opinions, we decide the companion cases, based on the rationale noted in this opinion. The four cases can be identified with the following information:

| Our Case Number | Trial Court Case Number | Patient Name |
|---|---|---|
| 06-08-000141-CV | 545-03 | John Richardson |
| 06-08-000142-CV | 546-03 | Lois McCary |
| 06-08-000143-CV | 605-03 | Patricia Peters |
| 06-08-000144-CV | 606-03 | Bonnie Burcalow |

Relators challenged the adequacy of the expert reports, arguing (1) that the expert reports failed to show that the author was qualified to render an expert opinion on causation and (2) that the expert reports failed to adequately state a causal link between alleged breaches of standards of care and the death of the patient. The trial court denied Relators' motions to dismiss, ruling that the expert reports were adequate. Relators seek a writ of mandamus from this Court directing the trial court to dismiss the four cases. We deny the mandamus request for the following reasons.

To be entitled to mandamus relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, No. 05-0892, 2008 Tex. LEXIS 759, at *6 (Tex. Aug. 29, 2008) (orig. proceeding). In their quest for mandamus relief, Relators rely heavily on language from *McAllen Medical Center* discussing the availability of mandamus relief in healthcare liability lawsuits governed by former Article 4590i. Although in the past, one serious hurdle for those seeking mandamus relief was to establish that the right to appeal was not an adequate remedy, *McAllen Medical Center* stands for the proposition that parties who unsuccessfully sought dismissal under former Article 4590i did not necessarily have an adequate remedy by appeal. That conclusion depended "on a careful analysis of costs and benefits of interlocutory review." *Id.* at *13; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *see also In re Dep't of Family & Protective Servs.*, No. 08-0524, 2009 Tex. LEXIS 3 (Tex. Jan. 9, 2009) (original proceeding) ("Whether a clear abuse of discretion can be

3

adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review.").

The majority opinion in *McAllen Medical Center* noted that, in enacting the statute, the Texas Legislature had already balanced most of the relevant costs and benefits for the judicial branch and, therefore, denying mandamus in certain cases would defeat the goal of the Legislature's act. *McAllen Med. Ctr.,* 2008 Tex. LEXIS 754, at *17. The opinion also pointed out that interlocutory review of the denial of motions to dismiss based on the expert report requirements became available by statute in 2003, but the review was not made retroactive, leaving denied motions in pending cases reviewable, if at all, only by mandamus.[4]

*McAllen Medical Center* also discusses considerations that would disqualify a healthcare liability case from mandamus relief:

> For many of the same reasons, we acknowledge that mandamus review should not be granted in every pre-2003 case. The statute was intended to preclude extensive discovery and prolonged litigation in frivolous cases; review by mandamus may actually defeat those goals if discovery is complete, trial is imminent, or the existing expert reports show a case is not frivolous. But if the legislative purposes behind the statute are still attainable through mandamus review, Texas courts should not frustrate those purposes by a too-strict application of our own procedural devices.

*Id.* at *19.

We can see the development and application of *McAllen Medical Center* in the *Methodist Healthcare* series of cases. In 2005, the San Antonio court had denied mandamus relief on the basis

---

[4]As the Texas Supreme Court pointed out, some intermediate appellate courts did perform such review.

4

that an adequate remedy by appeal existed to challenge a trial court's denial of a motion to dismiss for failure to provide adequate expert reports. *See In re Methodist Healthcare Sys. of San Antonio, Ltd.*, 256 S.W.3d 313 (Tex. App.—San Antonio 2005, orig. proceeding). Years later, the Texas Supreme Court disposed of that relator's petition for mandamus relief, relying on *McAllen Medical Center* to conclude that the San Antonio court should not have denied relief on the basis that an adequate remedy by appeal existed. *See In re Methodist Healthcare Sys. of San Antonio, Ltd.*, 256 S.W.3d 263 (Tex. 2008) (original proceeding). Having been directed to reconsider, the San Antonio court concluded that the relators failed to show that the trial court had clearly abused its discretion and denied the petition on that basis. *See In re Methodist Healthcare Sys. of San Antonio, Ltd.*, No. 04-05-00305-CV, 2008 Tex. App. LEXIS 9340 (Tex. App.—San Antonio Dec. 17, 2008, orig. proceeding) (mem. op.).

This case has been pending since August 2003 and was set for trial for February 9, 2009, only to be continued by the trial court pending resolution of this petition by this Court. This situation seems to be precisely like the cases described in *McAllen Medical Center* wherein appeal *would* be an adequate remedy. That language explained that the statutory scheme governing healthcare liability claims was intended to avoid extensive discovery and prolonged litigation in frivolous cases and noted that, in some cases—older, more extensively worked cases—mandamus review could frustrate that legislative intent. Such is the case here. Here—considering the long time the case has been pending in the trial court, the imminence of trial, and the amount of discovery that has been completed—mandamus relief could frustrate that very legislative intent.

5

Therefore, based on the authority of *McAllen Medical Center*, we hold that an appeal would be adequate remedy for the review of the trial court's ruling on the expert reports and that, therefore, mandamus review is not available.[5]

We, therefore, deny the petition for writ of mandamus.

                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:        February 24, 2009
Date Decided:          February 25, 2009

---

[5]Also supporting our holding is the fact that the reports on file in this case are rather lengthy and detailed and at least suggest that the case is not frivolous. We have not analyzed the reports under the statutory scheme, and expressly do not rule on their legal adequacy, but make this observation to demonstrate that this case appears to us to qualify on, not just one or two, but *each* of the three alternative grounds set out by *McAllen Medical Center* as examples of why appeal might be an adequate remedy and thus deny the mandamus remedy. 2008 Tex. LEXIS 759, at *19 ("[R]eview by mandamus may actually defeat [the legislative] goal if discovery is complete, trial is imminent, or the existing expert reports show a case is not frivolous . . . .").