In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00049-CV

                                                ______________________________

 

 

 

                                     IN
RE:  NABORS WELL SERVICES, CO. AND

BUFFCO
PRODUCTION, INC.

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            Victor Aviles, an employee of Nabors
Well Services Co. and Buffco Production, Inc. (collectively, Nabors), was electrocuted and killed while on the
job for Nabors.  His widow filed claims
of negligence and gross negligence, among others, for Aviles’ estate, herself,
and their minor children.  Nabors
produced an application for employment signed by Aviles acknowledging receipt
and understanding of Nabors’ dispute resolution program, which required
arbitration of all legal and equitable claims against Nabors.  After being hired, Aviles signed another
acknowledgment that his “continued employment with the Company constitute[d]
[his] acceptance of the terms of this provision [to arbitrate] as a condition
of my employment or continued employment.”[1]   

            The trial court denied Nabors’ first
and amended motion to compel arbitration of the death claims brought by Aviles’
family.  By petition for writ of
mandamus, Nabors challenges that ruling. 
Key to our resolution of this petition for writ of mandamus is the question
of which Act applies to this dispute, the Federal Arbitration Act (FAA) or the
Texas Arbitration Act (TAA).  See 9 U.S.C.A. §§ 1–16 (West, Westlaw
2010); Tex. Civ. Prac. & Rem. Code
Ann. §§ 171.001–.098 (Vernon 2005). 
Nabors claims that the FAA applies to this dispute.  Because the FAA does not apply to this
dispute and the TAA allows for interlocutory appeal[2] from
a denial of arbitration,[3]
we deny the petition for writ of mandamus.

            “To be entitled to mandamus relief,
a petitioner must show that the trial court clearly abused its discretion and
that the relator has no adequate remedy by appeal.”  In re
Gladewater Healthcare Ctr., 279 S.W.3d 850, 852 (Tex. App.—Texarkana 2009,
orig. proceeding) (citing In re McAllen
Med. Ctr., Inc., 275 S.W.3d 458 (Tex. 2008) (orig. proceeding)).  Denial of a motion to compel arbitration
under the TAA is reviewable by interlocutory appeal such that mandamus will not
lie.  Tex.
Civ. Prac. & Rem. Code Ann. §§ 171.021, 171.098.  Therefore, if the TAA applies, we must deny
the petition for writ of mandamus.

            The record establishes that, because
Nabors “engaged in interstate commerce as it is in the business of drilling for
oil and gas resources that are placed into commerce in both Texas and other
states of the United States,” the FAA applies generally to Nabors.  See 9
U.S.C.A. § 1.  On the other hand,
the first section of the FAA makes clear “nothing herein contained shall apply
to contracts of employment of seamen, railroad employees, or any other class of
workers engaged in foreign or interstate commerce.”  9 U.S.C.A. § 1.  Aviles was a commercial driver for
Nabors.  The United States Supreme Court
has interpreted the phrase “other class of workers engaged in foreign or
interstate commerce” as exempting from the FAA’s coverage any employment
contracts of transportation workers “actually engaged in the movement of goods
in interstate commerce.”  Circuit City Stores, Inc. v. Adams, 532
U.S. 105, 112 (2001).  Truck drivers,
such as Aviles, are considered transportation workers within the meaning of
this exemption provision.  In re Villanueva, No. 08-08-00329-CV,
2009 WL 1945577, at *3 (Tex. App.—El Paso July 8, 2009, orig. proceeding) (citing Harden v. Roadway Package Sys., Inc.,
249 F.3d 1137, 1140 (9th Cir. 2001)); In
re Swift Transp. Co., No. 08-08-00348-CV, 2009 WL 1945578, at *3 (Tex.
App.—El Paso July 8, 2009, orig. proceeding); In re Mission Petroleum Carriers, Inc., No. 13-04-00550-CV,
2005 WL 326848, at *2 (Tex. App.—Corpus Christi Feb. 11, 2005, orig. proceeding)
(mem. op.); see also Lenz v. Yellow Transp.,
Inc., 431 F.3d 348, 351 (8th Cir. 2005); see generally Buckley v. Nabors Drilling USA, Inc., 190 F.Supp.2d
958 (S.D. Tex. 2002), aff’d, 51 Fed.
Appx. 928 (5th Cir. 2002).

            Nabors argued that Aviles was
employed as a “roustabout or derrick hand,” and not as a driver at the time of
the accident, such that he could not be considered as an “other class of worker”
under the FAA.[4]  A few days after Aviles signed his
acknowledgment of the dispute resolution program, however, he signed
documentation demonstrating that he was a motor carrier worker for Nabors.  No evidence, beyond counsel’s argument, was
presented to the trial court to contradict the contention that Aviles was a
transportation worker.  As a finder of
fact, the trial court was free to decide Aviles was a truck driver at the time
he signed the acknowledgments of the dispute resolution program.

            Mandamus issues only when there has
been no adequate remedy by appeal and the record establishes a clear abuse of
discretion or there is a violation of a duty imposed by law.  Cantu
v. Longoria, 878 S.W.2d 131 (Tex.
1994).  It was Nabors’ burden to provide
this Court with a sufficient record to establish the right to mandamus
relief.  Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992).  Because, based on this record, the trial
court could determine that Aviles was a transportation worker, such that the
FAA did not apply to his employment contract, we conclude it did not clearly
abuse its discretion in denying Nabors’ motion to compel arbitration.  

            We
deny the petition for writ of mandamus.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          July
19, 2010

Date Decided:             July
20, 2010











[1]Nabors
admits that the arbitration agreement arose from an employment contract.   





[2]Nabors previously attempted to
appeal from the order in question here. 
We recently dismissed that appeal for want of jurisdiction for reason
that the attempted appeal was too late to give us jurisdiction.  See
Nabors Well Servs. Co. v. Aviles, No. 06-10-00018-CV, 2010 WL 2680087 (Tex.
App.—Texarkana July 7, 2010, no pet. h.) (mem. op.).

 





[3]If the FAA applied to this
dispute, the analysis would get more complicated.  For orders entered before September 1, 2009, “[a]
party denied the right to arbitrate under the Federal Arbitration Act by a
state court has no adequate remedy by appeal and is entitled to mandamus relief
to correct a clear abuse of discretion.” 
In re L & L Kempwood Assocs.,
L.P., 9 S.W.3d 125, 128 (Tex. 1999) (orig. proceeding) (per curiam).  Nabors filed its first motion to compel
arbitration October 18, 2008.  On July
17, 2009, the trial court signed a judgment denying that motion to compel.  Recent statutory changes provide for
interlocutory appeal of denials to compel arbitration under the FAA as well as for
all orders entered on or after September 1, 2009.  Tex.
Civ. Prac. & Rem. Code Ann. § 51.016 (Vernon Supp. 2009).  In this case, an amended motion to compel
arbitration was filed November 20, 2009. 
On February 19, 2010, the trial court entered an order denying the
amended motion.  This order expressly
found “that the Amended Motion to Compel is a Motion for Reconsideration of the
Court’s prior Orders of July 17, 2010,” did not grant or deny the amended
motion to compel, and instead found that “its prior Orders of July 17, 20[09] [sic],
should not be withdrawn.”  Therefore, we
will consider this petition for writ of mandamus to be from the earlier, July
17, 2009, order.  





[4]Closely related arguments have
been previously rejected.  Brown v. Nabors Offshore Corp., 339 F.3d
391 (5th Cir. 2003) (Section 1 of FAA excludes coverage of employee who was
seaman, even if not engaged in interstate commerce); Autin v. Nabors Offshore Corp., No. Civ. A. 02-3704, 2004 WL 432201
(E.D. La. Mar. 5, 2004) (seaman).  In Autin, Nabors claimed a change in
status:

 

Nabors
apparently concedes that plaintiff worked for Nabors on March 2, 2001 until
June 23, 2001 as a Jones Act seaman, when he was allegedly terminated.  The very next day, June 24, 2001, plaintiff
was allegedly “rehired” as a roustabout on a fixed platform.  Six weeks later, plaintiff suffered the injury
that is the subject of this suit.

 

Id. at *1.