

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00049-CV

_____

IN RE:   NABORS WELL SERVICES, CO. AND
BUFFCO PRODUCTION, INC.

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Victor Aviles, an employee of Nabors Well Services Co. and Buffco Production, Inc. (collectively, Nabors), was electrocuted and killed while on the job for Nabors. His widow filed claims of negligence and gross negligence, among others, for Aviles' estate, herself, and their minor children. Nabors produced an application for employment signed by Aviles acknowledging receipt and understanding of Nabors' dispute resolution program, which required arbitration of all legal and equitable claims against Nabors. After being hired, Aviles signed another acknowledgment that his "continued employment with the Company constitute[d] [his] acceptance of the terms of this provision [to arbitrate] as a condition of my employment or continued employment."[1]

The trial court denied Nabors' first and amended motion to compel arbitration of the death claims brought by Aviles' family. By petition for writ of mandamus, Nabors challenges that ruling. Key to our resolution of this petition for writ of mandamus is the question of which Act applies to this dispute, the Federal Arbitration Act (FAA) or the Texas Arbitration Act (TAA). *See* 9 U.S.C.A. §§ 1–16 (West, Westlaw 2010); TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001–.098 (Vernon 2005). Nabors claims that the FAA applies to this dispute. Because

---

[1]Nabors admits that the arbitration agreement arose from an employment contract.

the FAA does not apply to this dispute and the TAA allows for interlocutory appeal[2] from a denial of arbitration,[3] we deny the petition for writ of mandamus.

"To be entitled to mandamus relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal." *In re Gladewater Healthcare Ctr.*, 279 S.W.3d 850, 852 (Tex. App.—Texarkana 2009, orig. proceeding) (citing *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding)). Denial of a motion to compel arbitration under the TAA is reviewable by interlocutory appeal such that mandamus will not lie. TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.021, 171.098. Therefore, if the TAA applies, we must deny the petition for writ of mandamus.

The record establishes that, because Nabors "engaged in interstate commerce as it is in the business of drilling for oil and gas resources that are placed into commerce in both Texas and other states of the United States," the FAA applies generally to Nabors. *See* 9 U.S.C.A. § 1. On the

---

[2]Nabors previously attempted to appeal from the order in question here. We recently dismissed that appeal for want of jurisdiction for reason that the attempted appeal was too late to give us jurisdiction. *See Nabors Well Servs. Co. v. Aviles*, No. 06-10-00018-CV, 2010 WL 2680087 (Tex. App.—Texarkana July 7, 2010, no pet. h.) (mem. op.).

[3]If the FAA applied to this dispute, the analysis would get more complicated. For orders entered before September 1, 2009, "[a] party denied the right to arbitrate under the Federal Arbitration Act by a state court has no adequate remedy by appeal and is entitled to mandamus relief to correct a clear abuse of discretion." *In re L & L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 128 (Tex. 1999) (orig. proceeding) (per curiam). Nabors filed its first motion to compel arbitration October 18, 2008. On July 17, 2009, the trial court signed a judgment denying that motion to compel. Recent statutory changes provide for interlocutory appeal of denials to compel arbitration under the FAA as well as for all orders entered on or after September 1, 2009. TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (Vernon Supp. 2009). In this case, an amended motion to compel arbitration was filed November 20, 2009. On February 19, 2010, the trial court entered an order denying the amended motion. This order expressly found "that the Amended Motion to Compel is a Motion for Reconsideration of the Court's prior Orders of July 17, 2010," did not grant or deny the amended motion to compel, and instead found that "its prior Orders of July 17, 20[09] [sic], should not be withdrawn." Therefore, we will consider this petition for writ of mandamus to be from the earlier, July 17, 2009, order.

3

other hand, the first section of the FAA makes clear "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C.A. § 1. Aviles was a commercial driver for Nabors. The United States Supreme Court has interpreted the phrase "other class of workers engaged in foreign or interstate commerce" as exempting from the FAA's coverage any employment contracts of transportation workers "actually engaged in the movement of goods in interstate commerce." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 112 (2001). Truck drivers, such as Aviles, are considered transportation workers within the meaning of this exemption provision. *In re Villanueva*, No. 08-08-00329-CV, 2009 WL 1945577, at *3 (Tex. App.—El Paso July 8, 2009, orig. proceeding) (citing *Harden v. Roadway Package Sys., Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001)); *In re Swift Transp. Co.*, No. 08-08-00348-CV, 2009 WL 1945578, at *3 (Tex. App.—El Paso July 8, 2009, orig. proceeding); *In re Mission Petroleum Carriers, Inc.*, No. 13-04-00550-CV, 2005 WL 326848, at *2 (Tex. App.—Corpus Christi Feb. 11, 2005, orig. proceeding) (mem. op.); *see also Lenz v. Yellow Transp., Inc.*, 431 F.3d 348, 351 (8th Cir. 2005); *see generally Buckley v. Nabors Drilling USA, Inc.*, 190 F.Supp.2d 958 (S.D. Tex. 2002), *aff'd*, 51 Fed. Appx. 928 (5th Cir. 2002).

Nabors argued that Aviles was employed as a "roustabout or derrick hand," and not as a driver at the time of the accident, such that he could not be considered as an "other class of worker"

under the FAA.[4]  A few days after Aviles signed his acknowledgment of the dispute resolution program, however, he signed documentation demonstrating that he was a motor carrier worker for Nabors.  No evidence, beyond counsel's argument, was presented to the trial court to contradict the contention that Aviles was a transportation worker.  As a finder of fact, the trial court was free to decide Aviles was a truck driver at the time he signed the acknowledgments of the dispute resolution program.

Mandamus issues only when there has been no adequate remedy by appeal and the record establishes a clear abuse of discretion or there is a violation of a duty imposed by law.  *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994).  It was Nabors' burden to provide this Court with a sufficient record to establish the right to mandamus relief.  *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).  Because, based on this record, the trial court could determine that Aviles was a transportation worker, such that the FAA did not apply to his employment contract, we conclude it did not clearly abuse its discretion in denying Nabors' motion to compel arbitration.

---

[4]Closely related arguments have been previously rejected.  *Brown v. Nabors Offshore Corp.*, 339 F.3d 391 (5th Cir. 2003) (Section 1 of FAA excludes coverage of employee who was seaman, even if not engaged in interstate commerce); *Autin v. Nabors Offshore Corp*., No. Civ. A. 02-3704, 2004 WL 432201 (E.D. La. Mar. 5, 2004) (seaman).  In *Autin*, Nabors claimed a change in status:

> Nabors apparently concedes that plaintiff worked for Nabors on March 2, 2001 until June 23, 2001 as a Jones Act seaman, when he was allegedly terminated.  The very next day, June 24, 2001, plaintiff was allegedly "rehired" as a roustabout on a fixed platform.  Six weeks later, plaintiff suffered the injury that is the subject of this suit.

*Id.* at *1.

5

We deny the petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice

Date Submitted:     July 19, 2010
Date Decided:       July 20, 2010