USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1178 THOMAS QUESNEL, Plaintiff - Appellant, v. PRUDENTIAL INSURANCE COMPANY, Defendant - Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Michael Ponsor, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Lynch, Circuit Judge, _____________ and Casellas,* District Judge. ______________ _____________________ John F. Moriarty, Jr., with whom Moriarty & Neves was on ______________________ _________________ brief for appellant. Burton J. Fishman, with whom Tucker, Flyer & Lewis and Kevin _________________ _____________________ _____ Patrick Reilly were on brief for appellee. ______________ ____________________ September 25, 1995 ____________________  ____________________ * Of the District of Puerto Rico, sitting by designation. TORRUELLA, Chief Judge. Plaintiff-appellant Thomas TORRUELLA, Chief Judge _____________ Quesnel challenges the district court's dismissal of his wrongful termination action, originally brought in state court, against his former employer, Prudential Insurance Company ("Prudential"). The district court found that Quesnel's claim necessitated analysis of the collective bargaining agreement binding the parties, and accordingly held the claim to be preempted by federal labor law. For the following reasons, we affirm. BACKGROUND BACKGROUND Quesnel began his employment at Prudential as a district agent, and became a sales manager in 1991. He later returned to the level of district agent in September of that year. Throughout Quesnel's period of employment, Prudential had a collective bargaining agreement (the "CBA") with the Union of Food and Commercial Workers (the "Union") which covered all "district agents" working for Prudential, regardless of union membership.1 This CBA contained the terms by which Prudential's  ____________________ 1 Specifically, Article I of the CBA states:  The Employer agrees to and hereby does recognize, to the extent required by the National Labor Relations Act, as amended, The Union as the exclusive representative for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment, of all District Agents ______________________ employed or hereafter to be employed by the Employer . . . . (Emphasis added). -2- agents were employed and compensated. The CBA also set forth, inter alia, grievance procedures, which provided for the _____ ____ arbitration of grievances for wrongful termination. Quesnel and Prudential were also parties to a standard Agent's Agreement, which set forth the scope of the agency relationship. Quesnel was terminated in March 1992. He filed this action in Massachusetts state court in May 1994, claiming that Prudential had terminated him for the purpose of denying him his earned commissions, which, under Massachusetts law, is considered a wrongful termination. See Fortune National Cash Register Co., ___ ___________________________________ 373 Mass. 96, 104-05 (1977). Prudential removed the case to the United States District Court for the District of Massachusetts, and moved to dismiss Quesnel's claim on the grounds that it was preempted by federal labor law and that Quesnel had failed to exhaust his administrative remedies available to him under the terms of the CBA. Quesnel responded that he was not a member of the Union and therefore not a party to the CBA. Instead, he argued, his employment relationship with Prudential was controlled by the Agent's Agreement, which, he asserted, was independent of the CBA, and thus his claims were not preempted. Accordingly, Quesnel moved for remand to state court. On February 1, 1995, the district court granted Prudential's motion to dismiss and denied Quesnel's request for remand. The district court ruled that because "no court could begin to address [Quesnel's] claims here without immersing itself in the CBA," Quesnel's state law claims were preempted under -3- principles of federal labor law. The court then dismissed Quesnel's claim because it was governed by the NLRA and because Quesnel was time barred from any recovery.2 DISCUSSION DISCUSSION A. Standard of Review A. Standard of Review __________________ Appellate review of a district court's dismissal under Fed. R. Civ. P. 12(b)(6) is plenary. We therefore apply the same standard as did the district court, that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Miranda v. Ponce Fed'l Bank, 948 F.2d 41, 44 (1st Cir. 1991) _______ _________________ (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). ______ ______ B. Preemption of Quesnel's Claim B. Preemption of Quesnel's Claim _____________________________ The sole issue before us is whether Quesnel's state law claims are preempted as a matter of law under 301(a) of the Labor-Management Relations Act, 29 U.S.C. 185(a).3 It is  ____________________ 2 The CBA sets forth grievance and arbitration procedures for wrongful termination. Quesnel did not pursue these remedies, and the time limit for seeking relief under the CBA has lapsed. Finding that Quesnel was subject to the CBA, the district court accordingly dismissed his claims for failure to exhaust these administrative remedies. 3 Section 301(a) provides: Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, -4- well-established that 301 completely preempts a state law claim if the resolution of the claim necessitates analysis of, or substantially depends on the meaning of, a collective bargaining agreement. Lingle v. Norge Division of Magic Chef, Inc., 486 ______ ____________________________________ U.S. 399, 405-06 (1988); Allis-Chalmers Corp. v. Lueck, 471 U.S. ____________________ _____ 202, 220 (1985); Magerer v. John Sexton & Co., 912 F.2d 525, 528 _______ __________________ (1st Cir. 1990).  1. Does Quesnel's claim require interpretation of the 1. Does Quesnel's claim require interpretation of the __________________________________________________ CBA? CBA? ____ Assuming Quesnel is subject to the CBA, we must determine whether resolution of his claims in the instant case necessitates analysis of, or substantially depends upon the meaning of, the CBA. If so, then his claims must be dismissed as preempted in light of the foregoing principles. Having carefully examined the CBA, we think that the district court correctly found that the CBA is directly implicated in any resolution of Quesnel's claims. The CBA sets forth the terms and scope of the employment relationship of all district agents, encompassing rates of pay, wages, and conditions of employment. Significantly, the CBA sets forth grievance procedures for alleged wrongful termination. Determination of whether Quesnel was indeed wrongfully terminated, and whether his failure to follow grievance procedures set forth in the CBA nonetheless precludes his claim would require a court, as the district court  ____________________ without respect to the amount in controversy or without respect to the citizenship of the parties. -5- found, to immerse itself in the CBA's terms. Interpretation of the CBA is therefore crucial to any resolution of Quesnel's claim. -6- 2. Is Quesnel subject to the CBA? 2. Is Quesnel subject to the CBA? ______________________________ Because we find that resolution of Quesnel's claims require interpretation of the CBA, his claims are preempted if Quesnel is indeed subject to the CBA's terms. Quesnel wisely does not dispute this; rather, he claims that his employment relationship with Prudential was governed not by the CBA, but solely by the Agent's Agreement, and therefore his claims should be adjudicated in state court. At the very least, Quesnel argues, there exists a genuine issue of material fact as to whether he is subject to the CBA.4 Whether Quesnel is subject to the CBA is in this case, however, a question of law, not of fact. See Coll v. PB ___ ____ __ Diagnostics Systems, Inc., 50 F.3d 1115, 1122 (1st Cir. 1995) __________________________ (interpretation of contract is a question of law); Whitney Bros. _____________ v. Sprafkin, 3 F.3d 530, 534 (1st Cir. 1993) (same). After ________ examining the CBA and the Agent's Agreement, we conclude that it is clear that Quesnel is indeed subject to the CBA's terms. First, the CBA was effective on the date Quesnel became a district agent, and by its terms encompasses "all District Agents employed or hereafter to be employed" by Prudential, including those agents employed in the company's Massachusetts offices.  ____________________ 4 Quesnel contends that because the district court went beyond the pleadings by considering the CBA, the Agent's Agreement, and an affidavit of Quesnel, it was actually treating Prudential's motion to dismiss as one for summary judgment, and that we must therefore apply the standard of review applicable to summary judgment decisions. As we explain, however, because we conclude as a matter of law that Quesnel's claim is preempted, his arguments regarding the appropriate standard of review are irrelevant. -7- Second, regardless of the fact that Quesnel was not a Union member, he is a member of the bargaining unit for whose benefit the CBA was created. The Union was and is obligated under 9(a) of the National Labor Relations Act, 29 U.S.C.  159(a), to represent the interests of all employees in collective ___ bargaining, including nonmembers. See Vaca v. Sipes, 386 U.S. ___ ____ _____ 171 (1967) (unions must fairly represent all employees in a unit for which it is exclusive bargaining representative). Therefore, the fact that Quesnel is not a Union member does not remove him from the bargaining unit for whose benefit the CBA was created. See Saunders v. Amoco Pipeline Co., 927 F.2d 1154, 1156 (10th ___ ________ ___________________ Cir. 1991) (individual employee is bound by terms of collective bargaining agreement even if not a union member). Indeed, in his brief Quesnel essentially concedes that he was a member of the bargaining unit of the CBA, and maintains that he could have _____ invoked the CBA's grievance and arbitration procedures, but properly chose not to. Quesnel cannot pick and choose among his avenues of remedy, however; having been a member of the bargaining unit and received the benefits of the CBA while employed, Quesnel cannot now disclaim it. The grievance procedures set forth in the CBA is exclusive of other dispute resolution mechanisms. Finally, we do not think that the Agent's Agreement displaces or in any way substitutes for the CBA. The Agent's Agreement does not deal with terms and conditions of employment or with grievance procedures, as does the CBA. Rather, the -8- Agent's Agreement merely delineates Prudential's business policies applicable to district agents. Moreover, Articles XXVI and XXVII of the CBA specifically reference and amend the Agent's Agreement, a strong indication that the Agent's Agreement is not intended to supplant, but merely to supplement, the CBA. We therefore find that Quesnel is subject to the terms of the CBA, and that his claims are, accordingly, preempted. CONCLUSION CONCLUSION For the foregoing reasons, we affirm. ______  -9-