**In re PARIS PACKAGING, INC.**

**No. 06–04–00047–CV.**

Court of Appeals of Texas, Texarkana.

Submitted May 24, 2004.

Decided May 25, 2004.

John Sepehri, Wade C. Crosnoe, Thompson, Coe, Cousins & Irons, LLP, Dallas, for relator.

Bob Whitehurst, Whitehurst & Whitehurst, Tyler, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Vernon Moore filed suit for retaliatory discharge and discrimination against his former employer, Paris Packaging, Inc. Paris Packaging successfully moved the trial court to order the parties to arbitration pursuant to a collective bargaining agreement. Months later, Moore claimed he could not afford to pay for the arbitrator and, on that basis, successfully moved the trial court to reconsider its prior order of arbitration. Paris Packaging is now before this Court seeking a writ of mandamus ordering the Honorable Jim D. Lovett to vacate his order granting Moore's motion to reconsider, to order the parties to arbitration, and to stay all proceedings in the trial court pending resolution of the arbitration.

*Factual and Procedural History*

Paris Packaging operates a unionized facility in Paris, Texas. The employees at Paris Packaging are represented by the United Food and Commercial Workers International Union, Local 540 (the Union). Paris Packaging and the Union entered into a collective bargaining agreement (the CBA) effective June 30, 1998. In the CBA, the parties formally recognized that "should the company re-instate either the over-the-road truck drivers or truck maintenance departments ... UFCW Local 540 would retain jurisdiction." In November 1998, in a memorandum of understanding, Paris Packaging and the Union specifically modified the CBA to include in the bargaining unit over-the-road truck drivers and truck maintenance employees.

Paris Packaging hired Moore in January 1999 as an over-the-road truck driver. Moore sustained an on-the-job injury January 31, 2000.[1] He applied for and received worker's compensation benefits for the injury sustained. He stayed absent from work for more than 180 days.[2] On October 17, 2000, Paris Packaging terminated Moore.

On April 1, 2002, Moore sued Paris Packaging for retaliatory discharge[3] and discrimination. Relying on Texas common law and federal labor law,[4] Paris Packaging moved to stay the proceeding and compel arbitration in accordance with the following provisions in the CBA:

[S]hould dispute arise between an employee and the Company as to the application and interpretation of ... this

---

**1.** Moore's petition reflects he actually suffered an injury August 5, 1999, for which he was absent from work from August 5, 1999 to November 1999. He returned to work under doctor's restrictions. Moore further alleged that, on or about January 31, 2000, he was directed to move equipment in violation of doctor's orders. This activity caused further injury, for which Moore was absent for more than 180 days.

**2.** Paris Packaging's absence control policy allows termination of an employee who is absent from work for more than 180 days, re-

gardless of the reason for absence. Section 1(a) of Article 14 of the CBA specifically allows for termination under Paris Packaging's absence control policy.

**3.** TEX. LAB. CODE ANN. § 451.001 (Vernon 1996).

**4.** The Texas Arbitration Act does not apply to this situation because the case involves a collective bargaining agreement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.002(a)(1) (Vernon Supp.2004).

Agreement, it shall be filed and processed through the procedure outlined herein.

. . . .

The notice of appeal to arbitration shall be given in writing by the party appealing the case to the other party within fifteen (15) working days after presentation to the Plant Manager or his representative in Step 3 of GRIEVANCE PROCEDURE.

On February 18, 2003, the trial court heard Paris Packaging's motion to compel arbitration and granted such motion.

On September 5, 2003, Moore filed a motion to reconsider the prior order. For the first time, Moore argues that forcing him to proceed with arbitration would violate his guarantee to due process of law because he is unable to pay for the arbitration services. At the hearing on Moore's motion to reconsider, held February 19, 2004, Paris Packaging urged the trial court to overrule Moore's motion on the basis of the following provision in the CBA that obligated Paris Packaging and the Union to bear the cost of the arbitrator:

Any expenses incident to the services of the impartial arbitrator and the Association shall be borne equal[ly] by the Company and the Union. All other costs incidental to the arbitration proceedings shall be borne by the party incurring the cost.

Moore testified that, at the time of the hearing, he was not a member of the Union.[5] He acknowledged he had never contacted the Union regarding payment of its part of the cost for the arbitrator under the CBA.

The trial court agreed with Moore's argument and granted his motion to reconsider. After it found that Moore did not have the means to pay for the arbitration services,[6] the trial court rendered the following three conclusions of law:

1. It is unconstitutional and unconscionable [sic] to compel [Moore] to arbitration, when [he] does not have sufficient funds to pay the arbitrator.

2. Requiring payment from someone who cannot afford to pay arbitration fees undermines remedial and deterrent function of the anti-discrimination law.

3. [Moore] has no standing to request the union to pay his arbitration expenses as provided in the collective bargaining agreement.

*Mandamus*

▬▬▬ Mandamus will issue when a trial court commits a clear abuse of discretion for which the relator has no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d

**5.** In an attempt to establish the future costs of the arbitration, Moore also tendered a document from the Federal Mediation and Conciliation Service reflecting the fee for some of its arbitrators as $650.00 per day. The trial court did not rule on Paris Packaging's objection to the document, but also did not admit the document into evidence. To establish he was unable to pay for such costs, Moore presented his affidavit that he was without the means to pay for the arbitrator and an unauthenticated copy of his bank statement. Paris Packaging's objection to admission of the bank statement into evidence was sustained. We need not and do not address the issue of whether Moore's evidence would have suffi-

ciently established the facts necessary to negate an arbitration provision on the basis he could not afford arbitration. A party resisting arbitration on this basis must provide specific information regarding future costs of arbitration. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756–58 (Tex.2001) (orig.proceeding).

**6.** The trial court found that Moore could not pay for the cost of the arbitrator and that he did not have the means to borrow the money. It also found that the cost of the arbitrator would exceed $500.00 per day.

833, 839 (Tex.1992) (orig. proceeding). Mandamus review of a trial court's legal conclusions is much less deferential than its review of the trial court's findings of fact. *Id.* at 840. A trial court has no discretion in determining what the law is or in its application of the law to the facts. *Id.* Therefore, a trial court abuses its discretion if it misapplies the law to the facts of the case before it. *See Prudential Sec., Inc. v. Marshall,* 909 S.W.2d 896, 900 (Tex.1995) (orig. proceeding).

■ Because the agreement at issue here is a collective bargaining agreement, it falls outside the scope of the Texas Arbitration Act.[7] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.002(a)(1) (Vernon Supp.2004); *United Parcel Serv., Inc. v. McFall,* 940 S.W.2d 716, 718 (Tex.App.-Amarillo 1997, orig. proceeding). Thus, the trial court's decision to deny arbitration is not appealable under TEX. CIV. PRAC. & REM.CODE ANN. § 171.098 (Vernon Supp. 2004), and mandamus is the appropriate procedure for review of that decision. *See Cantella & Co. v. Goodwin,* 924 S.W.2d 943, 945 (Tex.1996) (orig. proceeding); *United Parcel Serv., Inc.,* 940 S.W.2d at 718.

*Analysis*

■ Initially, we must focus our analysis on the relevant issue. Moore's response to Paris Packaging's petition addresses issues that are not before us. For instance, Moore argues that resolution of this matter will not involve interpretation of the CBA[8] and that, at any rate, the CBA cannot apply to him because he is an at-will employee and because he did not sign the CBA or the modification. Rather, argues Moore, he signed another document which attempted to bind him to arbitration, a document which bound him only and, thus, was unenforceable.[9] The trial court made its determination, however, based on three conclusions of law, none of which discuss the subject matter of the dispute as it relates to the arbitration agreement or the relevance of Moore's failure to sign the CBA. The trial court expressly limited its decision to one based on Moore's argument that he was unable to pay for the arbitration.

■ Unions are obligated to represent the interests of all employees in a bargaining unit governed by a collective bargaining agreement, regardless of whether the employee is a union member. *See Quesnel v. Prudential Ins. Co.,* 66 F.3d 8, 11 (1st Cir.1995); *Roscello v. Southwest Airlines Co.,* 726 F.2d 217, 224 (5th Cir.1984); *Smith v. Sheet Metal Workers Int'l Ass'n,* 500 F.2d 741, 749 (5th Cir.1974); *Turner v. Air Transp. Dispatchers' Ass'n,* 468 F.2d 297, 301 (5th Cir.1972). This means union membership

---

7. The Federal Arbitration Act would not apply to this case either since Moore is a transportation worker. *See* 9 U.S.C.A. § 1 (West 1999); *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001).

8. The duty to arbitrate under a collective bargaining agreement, like most other agreements, entails questions of contract. *United Parcel Serv., Inc. v. McFall,* 940 S.W.2d 716, 718 (Tex.App.-Amarillo 1997, orig. proceeding). This means arbitration is a matter of contract and, because of this, one cannot be required to submit to arbitration that which he or she did not agree to so submit. *AT&T*

Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

9. Though not directly addressing an issue before us, Moore's position on this issue is incorrect at any rate. Any agreement between an employer and an individual employee concerning the terms and conditions of employment is ineffective as a waiver of benefits under an existing collective bargaining agreement. *Baker v. Amsted Indus., Inc.,* 656 F.2d 1245, 1248–49 (7th Cir.1981).

is irrelevant to the applicability of a collective bargaining agreement. *See Saunders v. Amoco Pipeline Co.*, 927 F.2d 1154, 1156 (10th Cir.1991); *Hodges v. Atchison, T. & S.F. Ry.*, 728 F.2d 414, 417 (10th Cir.1984). Rather, an individual employed in a craft governed by a collective bargaining agreement is bound by the terms of that agreement, regardless of his or her union membership. *See Saunders*, 927 F.2d at 1156; *Baker v. Amsted Indus., Inc.*, 656 F.2d 1245, 1248–49 (7th Cir.1981). Contractual provisions of a collective bargaining agreement, including those covering wages and conditions, apply equally to all employees, whether union or nonunion. *See Wallace Corp. v. Nat'l Labor Relations Bd.*, 323 U.S. 248, 255, 65 S.Ct. 238, 89 L.Ed. 216 (1944); *Hammons v. Adams*, 783 F.2d 597, 601 (5th Cir.1986); *Holley v. Painters Local Union No. 318*, 376 S.W.2d 44, 47 (Tex.Civ.App.-Fort Worth 1964, writ ref'd n.r.e.).

■■■ Moore's testimony that, at the time of the hearing on his motion to reconsider, he was not a member is irrelevant. In fact, Moore's membership status is entirely irrelevant in that, regardless of whether he was a member, even at the time of his injury and termination, the CBA would apply because Moore belonged to the bargaining unit for which the CBA specifically provided. By the terms of the modified CBA, Moore, as an over-the-road truck driver, falls within the parameters of the CBA between his employer and the Union. Therefore, Section 3 of Article 5 of the CBA expressly requires Paris Packaging and the Union to pay for the services of the arbitrator in this dispute.[10]

*Conclusion*

The trial court's conclusion that Moore had no standing to enforce the payment

provisions in the CBA represents a misapplication of the law to these facts and, thus, constitutes an abuse of discretion. Having determined that Paris Packaging has no adequate remedy at law for the trial court's decision, we conditionally grant Paris Packaging's petition for writ of mandamus. The writ will issue only if, within thirty days of this opinion, Respondent, Honorable Jim D. Lovett, has failed to vacate the order reconsidering his prior order, to order the parties to arbitration, and to stay the proceedings in the trial court pending resolution of the arbitration.

---

10. Moore must bear any "other costs" he incurs in connection with the arbitration. However, he presented no evidence of the amount of these "other costs," nor of his inability to pay for them.