COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§

IN RE: JOSE LUIS VILLANUEVA,                    §                    No. 08-08-00329-CV

Relator.                    §            AN ORIGINAL PROCEEDING

§                    IN MANDAMUS

§

§

## OPINION ON PETITION FOR WRIT OF MANDAMUS

Relator, Jose Luis Villanueva, seeks a writ of mandamus to require the Honorable Gonzalo Garcia, Judge of the 210th District Court, to set aside an order granting Swift Transportation Company, Inc.'s (Swift) motion to compel arbitration under the Federal Arbitration Act. For the reasons that follow, we conditionally grant relief.

## FACTUAL SUMMARY

Villanueva has been employed by Swift since 2001 as an 18-wheel truck driver. His job duties required him to transport goods in interstate commerce. Swift is a non-subscriber to the Texas Workers' Compensation insurance system. Instead, it has an Injury Benefit Plan in place for its Texas employees. Under the terms of the Plan, Villanueva became a participant in the Plan on its effective date, April 1, 2005.

Section 2.3 of the Plan contains a mandatory arbitration provision. It requires arbitration of any legal or equitable claim by a participant for any form of physical or psychological damage, harm or death which relates to an accident, including claims of negligence and negligent hiring/training/supervision/retention and violation of any noncriminal federal, state, or other

governmental common law, statute, regulation or ordinance in connection with a job-related injury. The Plan also provides that both Swift and its employees engage in transactions involving interstate commerce and the arbitration provision is governed by the FAA. The Injury Benefit Plan states that the arbitration provisions apply to all participants without regard to whether they have completed and signed a "Receipt, Safety Pledge, and Arbitration Acknowledgment" form. Finally, it recites that the Plan and arbitration requirement does not change the "at will" employment status of any participant not covered by a collective bargaining agreement.

Appendix B to the Plan is a form entitled "RECEIPT, SAFETY PLEDGE, AND ARBITRATION ACKNOWLEDGMENT." By signing the document, the employee acknowledges receipt of and an opportunity to read a Summary Plan Description (SPD) of the Injury Benefit Plan. The arbitration section states, in pertinent part:

> I also acknowledge that this SPD includes a mandatory company policy requiring that certain claims or disputes relating to an on-the-job injury (that cannot otherwise be resolved between the Company and me) must be submitted to an arbitrator, rather than a judge and jury in court. I understand that by receiving this SPD and becoming employed (or continuing my employment) with the Company at any time on or after April 1, 2005, I am accepting and agreeing to comply with these arbitration requirements. I understand that the Company is also accepting and agreeing to comply with these arbitration requirements.

It is undisputed that Swift does not have an acknowledgment form signed by Villanueva.

According to Villanueva's original petition, he and a co-driver were transporting goods for Swift from Louisville, Kentucky to El Paso, Texas on January 14, 2007. Villanueva allegedly suffered an on-the-job injury when their truck was involved in an accident. Villanueva filed a negligence suit against Swift alleging that the co-driver's negligence caused the accident. He also alleged that Swift was negligent because it failed to properly train, instruct, and supervise its employees.

Swift filed a motion to compel arbitration based on the arbitration clause in its Injury Benefit Plan. It contended Villanueva agreed to--and enrolled in--the Plan, was provided a copy of the Plan and acknowledged its terms. The trial court granted the motion to compel arbitration and Villanueva filed this mandamus proceeding.

## STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate he has no adequate remedy by appeal. *Id*. at 136. A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004); *Bowie Memorial Hospital v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). When reviewing the trial court's decision for an abuse of discretion, the reviewing court may not substitute its judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985); *see Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *In re Prudential*, 148 S.W.3d at 135. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

A party seeking to compel arbitration must (1) establish the existence of a valid arbitration agreement; and (2) show that the claims asserted are within the scope of the agreement. *See In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 605 (Tex. 2005). The trial court's determination of the

arbitration agreement's validity is a legal question subject to *de novo* review.  *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003).  Once the party seeking to compel arbitration proves that a valid arbitration agreement exists, a presumption attaches favoring arbitration and the burden shifts to the party resisting arbitration to establish a defense to enforcing arbitration.  *See In re AdvancePCS*, 172 S.W.3d at 607; *In re J.M. Davidson*, 128 S.W.3d at 227.

## APPLICABILITY OF FAA

Villanueva first asserts that the arbitration clause is not enforceable under Section 1 of the Federal Arbitration Act because it is included in an employment contract of a transportation worker.  Swift responds that since its injury benefit plan is a not a contract of employment, Section 1's exemption is inapplicable.

The FAA compels judicial enforcement of a wide range of written arbitration agreements. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111, 121 S.Ct. 1302, 1307, 149 L.Ed.2d 234 (2001).  The FAA's coverage provision is found in Section 2:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C.A. § 2 (West 1999).

The United States Supreme Court has interpreted Section 2 as implementing Congress' intent "to exercise [its] commerce power to the full."  *Circuit City*, 532 U.S. at 112, 121 S.Ct. at 1307, *quoting Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 277, 115 S.Ct. 834, 841, 130 L.Ed.2d 753 (1995).  Section 1 of the Act is an exemption provision and it provides the FAA does not apply "to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."  9 U.S.C.A. § 1.  The Supreme Court has interpreted the

phrase "other class of workers engaged in foreign or interstate commerce" as exempting from the FAA's coverage employment contracts of transportation workers "actually engaged in the movement of goods in interstate commerce." *Circuit City*, 532 U.S. at 112, 121 S.Ct. at 1307. Truck drivers, such as Villanueva, are considered transportation workers within the meaning of this exemption provision, and Swift does not contend otherwise. *See e.g., Harden v. Roadway Package Systems, Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001); *Lorntzen v. Swift Transportation, Inc.*, 316 F.Supp.2d 1093, 1095 (D. Kan. 2004).

Swift maintains the Injury Benefit Plan is not a contract of employment within the meaning of Section 1, but rather is a separate agreement providing benefits incident to employment. Swift also places particular reliance on Section 9.4 of the Plan which states that the establishment of the Plan does not affect an employee's "at will" status. We understand Swift to argue that since Villanueva remains an "at will" employee, the Plan cannot be an employment contract. Implicit in Swift's argument is the notion that there is no employment contract in an at-will employment relationship. This is incorrect. Texas courts have for many years considered an employment-at-will agreement to be a contract. *See Sterner v. Marathon Oil Company*, 767 S.W.2d 686, 689 (Tex. 1989). A contract of employment may be terminable at will or for cause.

There are other problems with Swift's interpretation of the phrase "contract of employment" as used in Section 1 of the FAA. First, it would attribute an intent on the part of Congress to draw a distinction between employees who are terminable at will and those who are terminable for cause. There is no evidence Congress intended to make this distinction in determining which employees would be subject to the reach of the FAA. Second, Swift's interpretation of the phrase is based on Texas employment law. We do not determine the meaning of a federal statute by examining state law.

Swift also relies upon *In re Mission Petroleum Carriers, Inc.*, No. 13-04-00550-CV, 2005 WL 326848 (Tex.App.--Corpus Christi Feb. 11, 2005, orig. proceeding). There, a truck driver employed by Mission was injured in an accident while in the course and scope of her employment. She filed suit against Mission but the employer moved to compel arbitration pursuant to an agreement to arbitrate contained within Mission's employee health and safety plan. The trial court denied the motion and Mission sought mandamus relief. The Corpus Christi Court of Appeals held that the FAA applied because the arbitration provision was included in the health and safety plan rather than an employment contract. *Id.* at *2. The court of appeals emphasized that the health and safety plan expressly stated that it was not a contract of employment. *Id.*

Federal courts which have considered the meaning of the phrase "employment contract" as used in Section 1 have defined it as a "contract between an employer and an employee in which the terms and conditions of employment are stated." *See Carr v. Transam Trucking, Inc.*, No. 3-07-CV-1944-BD, 2008 WL 1776435 (N.D. Texas April 14, 2008); *Awe v. I & M Rail Link, L.L.C.*, No. C04-3011-PAZ, 2007 WL 2572405 at *4 (N.D. Iowa Sept. 4, 2007), *quoting* BLACK'S LAW DICTIONARY 321 (7th ed. 1999); *Brown v. Nabors Offshore Corporation*, 339 F.3d 391, 394 (5th Cir. 2003); *Buckley v. Nabors Drilling USA, Inc.*, 190 F.Supp.2d 958, 960 (S.D. Tex. 2002), *aff'd*, No. 02-40477, 2002 WL 31415106 (5th Cir. Oct. 8, 2002). In *Carr*, the federal district court determined that the arbitration agreement was an employment contract within the meaning of Section 1 because it was conditioned on commencement of or continued employment with the defendant, and as such, formed part of the employment contract with the defendant. *Carr*, 2008 WL 1776435 at * 2.

One federal district court has addressed whether Swift's Injury Benefit Plan[1] is an employment contract within the meaning of Section 1. In *Shanks v. Swift Transportation Company,*

---

[1] The Injury Benefit Plan at issue in *Shanks* appears to be the same Plan at issue in this case.

*Inc.*, the federal district court held that the Injury Benefit Plan is a component of the employee's contract of employment because it is a mandatory company policy which the employee accepted as a condition of becoming employed and it provided benefits tied to continued employment. *Shanks v. Swift Transportation Company, Inc.*, No. L-07-55, 2008 WL 2513056 at *3 (S.D. Tex. June 19, 2008). This conclusion is consistent with the definition adopted in *Carr* and the other federal cases cited in the previous paragraph.

It is unclear from the appellate court's memorandum opinion in *Mission Petroleum* whether the health and safety plan was a condition of employment. The court did not consider whether the health and safety plan was a component of the employee's contract of employment. Rather than looking to narrowly-focused state employment law to determine whether the Injury Benefit Plan is a contract of employment as that term is used in Texas, we believe the better approach in determining the meaning of a federal statute is to look at a broader definition as done by the federal courts in *Carr* and *Shanks*. Consequently, we decline to follow *Mission Petroleum* because we find the analyses in *Carr* and *Shanks*[2] to be more persuasive.

Swift's Injury Benefit Plan is a mandatory company policy and it includes an arbitration provision. Under the terms of the Plan, each "covered employee"[3] becomes a participant in the Plan on April 1, 2005, or the time and date of his or her employment if employed after April 1, 2005, and it provides benefits tied to continued employment. According to Appendix B attached to the Plan, Villanueva accepted the mandatory arbitration provision by his continued employment with Swift

---

[2] On issues of federal law, such as the proper interpretation of the FAA, we must follow the decisions of the United States Supreme Court and the Texas Supreme Court. *See Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 803 (Tex.App.--Dallas 2008, pet. denied). The decisions of other courts, by contrast, may be persuasive but are not binding on us. *Id.*

[3] The Plan defines "covered employee" as an employee whose employment with Swift is principally located within Texas or whose assigned terminal is located within the state.

on or after April 1, 2005. We conclude that the Injury Benefit Plan is an employment contract within the meaning of Section 1 because the Plan and agreement to arbitrate are conditions of Villanueva's employment and form part of his at-will employment contract with Swift. The FAA is therefore inapplicable to the Plan's arbitration provision.

## APPLICABILITY OF TAA

Swift did not expressly argue in the trial court and it has not asserted in this mandamus proceeding that the arbitration provision should be enforced under the Texas General Arbitration Act (TAA) if it cannot be enforced under the FAA. Villanueva maintains that the Texas Arbitration Act does not apply because this is a personal injury suit and he did not sign an agreement to arbitrate. Under the Texas Arbitration Act, an agreement to arbitrate a personal injury claim is enforceable only if each party to the claim agrees to arbitrate on the advice of counsel, and the agreement is signed by each party and each party's attorney. TEX.CIV.PRAC.&REM.CODE ANN. § 171.002(c) (Vernon 2005). The record does not contain a signed agreement to arbitrate. Accordingly, TAA does not apply.[4]

## TEXAS COMMON LAW

The inapplicability of the FAA and TAA does not automatically render the arbitration agreement unenforceable. Arbitration clauses may also be enforced under Texas common law, the TAA, or the FAA. *In re Green Tree Servicing LLC*, 275 S.W.3d 592, 599 (Tex.App.--Texarkana 2008, orig. proceeding); *see L.H. Lacy Company v. City of Lubbock*, 559 S.W.2d 348, 351-52 (Tex. 1977)(common law arbitration and statutory arbitration are "cumulative" and part of a "dual system"); *Carpenter v. North River Insurance Company*, 436 S.W.2d 549, 553 (Tex.Civ.App.--

---

[4] Even if we concluded that the TAA applied, mandamus review would be unavailable. A trial court's order denying arbitration, if based upon the Texas Arbitration Act, is subject to interlocutory appeal. TEX.CIV.PRAC.&REM. CODE ANN. § 171.098(a)(Vernon 2005).

Houston [14th Dist.] 1969, writ ref'd n.r.e.)("In the many other states having arbitration statutes similar to our 1965 statute, it is almost uniformly held that the statutory remedy is cumulative and that the common law remedy remains available to those who choose to use it."). Mandamus is the appropriate procedure by which we may review the trial court's ruling on a motion to compel arbitration under the common law. *See In re Paris Packaging*, 136 S.W.3d 723, 727 & n.7 (Tex.App.--Texarkana 2004, orig. proceeding). Swift's motion to compel arbitration was not restricted to the FAA or the TAA. Consequently, the trial court might have determined that the arbitration agreement is enforceable under Texas common law. In determining whether the trial court abused its discretion in compelling arbitration, we must consider whether the agreement is enforceable under Texas common law.

We review *de novo* whether the arbitration agreement is valid. Section 406.033 of the Texas Labor Code provides that:

> A cause of action described in Subsection (a)[5] may not be waived by an employee before the employee's injury or death. Any agreement by an employee to waive a cause of action or any right described in Subsection (a) before the employee's injury or death is void and unenforceable.

TEX.LAB.CODE ANN. § 406.033(e)(Vernon 2006).[6] Ordinarily, Section 406.033(e) is preempted by the FAA because it takes precedence over state attempts to undercut the enforceability of arbitration agreements. *See In re Border Steel, Inc.*, 229 S.W.3d 825, 831-32 (Tex.App.--El Paso 2007, orig. proceeding)(holding that Section 406.033(e) is preempted by FAA); *In re R & R Personnel*

---

[5]  Subsection (a) pertains to a cause of action against an employer who does not have workers' compensation insurance coverage to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment. TEX.LAB.CODE ANN. § 406.033(a)(Vernon 2006).

[6]  The Legislature enacted Section 406.033(e) in 2001 in response to *Lawrence v. CDB Servs., Inc.*, 44 S.W.3d 544, 551-53 (Tex. 2001), which rejected public-policy challenges to the validity of an employee's pre-injury agreement to limit a nonsubscriber employer's liability in exchange for benefits. *See Storage & Processors, Inc. v. Reyes*, 134 S.W.3d 190, 192 (Tex. 2004).

*Specialists of Tyler*, 146 S.W.3d 699, 703-04 (Tex.App.--Tyler 2004, orig. proceeding)(same). We have determined, however, that the FAA is inapplicable to the arbitration clause at issue here. Applying Section 406.033(e) to this case, we hold that Swift's arbitration agreement with Villanueva is void and unenforceable. The trial court abused its discretion by granting Swift's motion to compel arbitration. Further, Villanueva does not have an adequate remedy by appeal. Accordingly, he has established his entitlement to mandamus relief. We direct the 210th District Court to set aside its order compelling arbitration. We are confident the court will comply with our directive and the writ of mandamus will issue only if it does not.

July 8, 2009

ANN CRAWFORD McCLURE, Justice

Before McClure, Rivera, JJ., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment