COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| THE INLAND SEA, INC., | § | No. 08-11-00194-CV |
| Appellant, | § | Appeal from |
| v. | § | County Court at Law No. 3 |
| CHRISTOPHER CASTRO, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 2009-5287) |

## O P I N I O N

The Inland Sea, Inc. appeals from an order denying its motion to compel arbitration.  For the reasons that follow, we affirm.

### FACTUAL SUMMARY

Christopher Castro filed a non-subscriber negligence suit against Inland Sea and Rigoberto Duran on December 9, 2009.  In its answer, Inland Sea denied that it was Castro's employer.  Castro amended his petition on January 13, 2010 and joined Movers Service Agency, Inc. (Movers) as a defendant.

Movers filed a motion to compel arbitration on May 27, 2010.  The arbitration clause on which Movers relied is contained in Movers' written Occupational Injury Benefit Plan.  On the last page of a document titled "Summary Plan Description of the Occupational Injury Benefit Plan," Movers notifies its employees that it does not have workers' compensation insurance coverage to protect them from damages due to work-related injuries but they may have rights under Texas common law.  That page includes an acknowledgement whereby the employee certifies that he has been informed that Movers does not have workers' compensation insurance

and he has read the Plan or it has been read to him. The acknowledgement is signed by Christopher J. Castro and is dated March 5, 2008. Inland Sea is not a signatory to the Plan or the acknowledgement.

Inland Sea did not file a motion to arbitrate. Instead, it filed a motion for no-evidence and traditional summary judgment on the ground that it was not Castro's employer and owed him no duty. Inland Sea based its argument on a Labor Service Agreement with Movers which provided that Movers is an independent contractor of Inland Sea and Movers' workers, staff, and employees are not employees of Inland Sea. In apparent response to Inland Sea's position that it was not Castro's employer, Castro amended his petition to allege that Movers was the alter ego of Inland Sea such that Inland Sea would be liable for Castro's injuries under the theories of piercing the corporate veil, alter ego, principal/agent, and master/servant. Additionally, Castro alleged that Inland Sea was liable through the doctrines of joint enterprise, respondeat superior, and borrowed employee.

Inland Sea's motion for summary judgment was set for hearing on several occasions over the next several months but those settings were continued at Castro's request. On January 28, 2011, the trial court conducted a hearing on Movers' motion to compel arbitration and tentatively granted the motion while allowing the parties to supplement the record and make additional arguments before a final ruling. A few days later, Inland Sea filed an amended motion for traditional and no-evidence summary judgment, again contending that it was not Castro's employer. On February 3, 2011, Inland Sea filed a motion to compel arbitration based on concerted misconduct estoppel.[1] Castro filed a written response alleging Inland Sea had waived

---

[1] In certain limited instances, a defendant who is a non-signatory to an arbitration agreement can compel arbitration against a signatory-plaintiff. *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000). Some federal courts hold that equitable estoppel allows a non-signatory to compel arbitration in two different circumstances: (1) when the signatory to a written agreement containing an arbitration clause must rely on the terms

its right to arbitration because it had substantially invoked the judicial process.

On February 23, 2011, the trial court conducted another hearing on Movers' motion to arbitrate. Near the end of the hearing, the trial judge announced he would order Movers and Castro to arbitrate. When the trial judge indicated he was ready to address Inland Sea's motion to compel arbitration, Inland Sea asked the court to address its motion for summary judgment first. The court responded, "I don't think you want me to hear the summary judgment." Counsel advised the court that its motion to compel arbitration was subject to the motion for summary judgment and asked if the court was denying the motion for summary judgment. The trial judge clarified that he was not denying the summary judgment motion and urged Inland Sea to present the summary judgment issue to the arbitrator. At that point, Castro argued that Inland Sea had waived the right to arbitration because it had substantially invoked the judicial process. The court continued the hearing until March 30, 2011 to address Castro's argument.

On March 30, 2011, the trial court signed an order granting Movers' motion to compel arbitration. The court then addressed Castro's defensive argument that Inland Sea had waived its right to arbitrate. At the conclusion of the hearing, the trial court denied Inland Sea's motion to compel arbitration because Inland Sea had substantially invoked the judicial process to the detriment of Castro. Inland Sea timely filed notice of appeal.[2]

## ALTERNATIVE GROUNDS TO AFFIRM

In two issues for review, Inland Sea challenges the trial court's order denying its motion to compel arbitration. The first challenges the court's finding that Inland Sea had substantially

---

of the written agreement in asserting its claims against the non-signatory; and (2) when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract. *Grigson*, 210 F.3d at 527.

[2] Castro filed a notice of cross-appeal from the order granting Movers' motion to compel arbitration after the trial court denied Inland Sea's motion. We dismissed that appeal for want of jurisdiction. *Castro v. Movers Service Agency, Inc.*, No. 08-11-00194-CV, 2011 WL 3821119 (Tex.App.--El Paso August 29, 2011, no pet.).

invoked the judicial process. The second complains that the court erred by finding that Castro suffered prejudice. Castro addresses the merits of these issues, but responds that the trial court's ruling can be affirmed on three alternative grounds because the order denying the motion to compel arbitration does not specify the precise basis for the ruling: (1) the agreement to arbitrate is invalid; (2) Castro's negligence claim does not fall within it; and (3) Inland Sea does not have a right to arbitration under the concerted misconduct estoppel doctrine. We agree.

*Standard of Review*

A party seeking to compel arbitration must (1) establish the existence of a valid arbitration agreement; and (2) show that the claims asserted are within the scope of the agreement. *See In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 605 (Tex. 2005); *In re Swift Transportation Co., Inc.*, 311 S.W.3d 484, 488 (Tex.App.--El Paso 2009, orig. proceeding). Under the Federal Arbitration Act, ordinary principles of state contract law determine whether there is a valid agreement to arbitrate. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005). The trial court's determination of the arbitration agreement's validity is a legal question subject to *de novo* review. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003); *Swift Transportation*, 311 S.W.3d at 488. Once the party seeking to compel arbitration proves that a valid arbitration agreement exists, a presumption attaches favoring arbitration and the burden shifts to the party resisting arbitration to establish a defense to enforcing arbitration. *See In re AdvancePCS*, 172 S.W.3d at 607; *In re J.M. Davidson*, 128 S.W.3d at 227.

*Concerted Misconduct Estoppel*

The initial burden of establishing the existence of an arbitration agreement requires proof that the party seeking to enforce the agreement was a signatory to the agreement or otherwise had the right to enforce it. *Mohamed v. Auto Nation USA Corp.*, 89 S.W.3d 830, 836

(Tex.App.--Houston [1st Dist.] 2002, orig. proceeding). As a general rule, arbitration of a claim cannot be compelled unless it falls within the scope of a valid arbitration agreement. *Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302, 304 (Tex. 2006). A person who has agreed to arbitrate disputes with one party may in some cases be required to arbitrate related disputes with others. *Meyer*, 211 S.W.3d at 304. Federal courts have recognized six theories arising out of common principles of contract and agency law that may bind non-signatories to arbitration agreements: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel, and (6) third-party beneficiary. *In re Kellogg Brown & Root*, 166 S.W.3d at 739.

Inland Sea is a non-signatory to the arbitration agreement but it sought to compel arbitration under concerted misconduct estoppel, a type of equitable estoppel recognized by some federal courts. In *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524 (5th Cir. 2000), the Fifth Circuit addressed whether a non-signatory to an arbitration agreement could compel arbitration of a dispute with a signatory. The court quoted with approval the intertwined claims test formulated by the Eleventh Circuit:

> Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances. First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory. When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate. Second, application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*Grigson*, 210 F.3d at 527, *quoting MS Dealer Service Corporation v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (citations and quotation marks omitted). The Fifth Circuit explained that a

signatory to an agreement which contains an arbitration provision cannot seek to hold the non-signatory liable pursuant to duties imposed by the agreement but deny arbitration's applicability because the defendant is a non-signatory. *Grigson*, 210 F.3d at 528.

The Texas Supreme Court has held that a person who seeks by his claim to derive a direct benefit from the contract containing the arbitration provision may be equitably estopped from refusing arbitration. *Meyer*, 211 S.W.3d at 305, *citing In re Vesta Insurance Group, Inc.*, 192 S.W.3d 759, 761-62 (Tex. 2006) and *In re Kellogg Brown & Root*, 166 S.W.3d at 741. It has not, however, adopted the type of concerted misconduct estoppel relied upon by Inland Sea. To the contrary, the Supreme Court has refused to adopt it because it is not a recognized theory of estoppel under Texas law and the theory is far from being well-settled in the federal courts. *In re Merrill Lynch Trust Company FSB*, 235 S.W.3d 185, 191-95 (Tex. 2007); *see In re Labatt Food Service*, L.P., 279 S.W.3d 640, 644 (Tex. 2009)(*citing In re Merrill Lynch* and stating in the parenthetical that the case recognized that estoppel may bind a non-signatory to an arbitration agreement but held that plaintiffs were not bound to arbitration agreement under "concerted misconduct estoppel" because it was not a recognized theory of estoppel under Texas law). Given the Supreme Court's express refusal to adopt concerted misconduct estoppel, we hold that Inland Sea cannot rely on it in this case to compel arbitration. It is therefore unnecessary to address Issues One and Two or the remaining alternative grounds. Accordingly, we affirm the order of the trial court refusing to compel arbitration.

May 16, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, J., and Chew, C.J. (Senior)
Chew, C.J. (Senior) sitting by assignment