COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE | § | No. 08-24-00323-CV |
| | § | |
| ADRIAN MURILLO, | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Relator, Adrian Murillo, sued his employer, Ortiz Trans, LLC, over a work-injury claim. In response to the suit, Ortiz moved to compel arbitration. Murillo fought, but lost that motion, resulting in an order abating the case below, referred it to binding arbitration, and ordering Murillo to pay attorney's fees that Ortiz incurred in compelling arbitration. Murillo filed this petition for mandamus against the Hon. Melissa Baeza, Judge of County Court at Law No. 3, to challenge that order. We deny his petition for the reasons stated below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Murillo worked as a truck driver for Ortiz. Ortiz does not carry worker's compensation insurance, but provides an injury benefit plan to its employees. Employees have a choice of

plans—basic or comprehensive.[1] To elect comprehensive benefits, however, employees must agree to submit all disputes to binding arbitration.

When Murillo was hired, he chose the comprehensive benefits and signed an "Election of Plan, Alternative Dispute Resolution Agreement and Designation of Beneficiary" which provided in part:

> I recognize that disputes may arise between the Company and me during or after my employment. I agree with the Company to submit any and all such disputes to <u>binding</u> arbitration.
>
> I acknowledge and understand that by signing this Agreement I am giving up the right to a jury trial on all of the claims covered by this Agreement in exchange for eligibility for the Plan's medical, disability, dismemberment and death Comprehensive Benefits and in anticipation of gaining the benefits of a speedy, impartial, mutually-binding procedure for resolving disputes.
>
> .    .    .
>
> Finally, I agree and acknowledge that signing this Agreement is <u>not</u> a condition of my employment.
>
> <u>ENROLLMENT IN THE PLAN</u>: Instead, I understand that if I am injured on the job, . . . I am—by signing and <u>agreeing</u> to this Agreement—eligible under the Plan's terms for the medical, disability, death and dismemberment Comprehensive Benefits . . . . I understand that if I <u>reject</u> this Agreement, I will <u>not</u> be eligible for the Plan's Comprehensive Benefits but will only be eligible for the Plan's Basic . . . Benefits (emphasis in original).

Murillo alleges that while working, he slipped as he was getting into the tractor cabin of his truck and fell onto his back. He filed suit against Ortiz alleging that he was injured because of Ortiz's negligence.[2] Ortiz filed a plea in abatement, requesting the trial court to compel arbitration.

---

[1] Employers whose "primary business is transportation for compensation or hire between two or more municipalities shall protect its employees" by carrying either workers' compensation insurance or accidental insurance coverage. Tex. Transp. Code Ann. § 643.106(a). Ortiz represents that the basic benefit plan will "equal or exceed those benefits required by the Texas Transportation Code." Murillo makes no argument that it does not, and that issue is not before us.

[2] Murillo also asserted claims against RJ Leasing, LLC, and Idealease of El Paso which allegedly leased the tractor-trailer that Murillo was injured on. Those claims are not before us in this mandamus proceeding.

It also sought its attorney's fees under a contractual attorney's fee provision allowing for the award of fees "[i]f either party pursues a claim covered by this Agreement by any means other than those set forth in this Agreement[.]" Murillo responded that, as a transportation worker, the Federal Arbitration Act (FAA) exempted him from forced arbitration and that, when he signed the agreement, he believed it was only "routine" paperwork. He asked the trial court to permit him to conduct discovery before taking up Ortiz's motion. The trial court granted Ortiz's plea without allowing discovery and ordered Murillo to pay $17,112.50 in attorney's fees.[3]

Murillo filed this petition for mandamus and raises three issues. In his first issue, he argues that the arbitration agreement cannot be enforced under the FAA because he falls under the transportation worker exemption and that it cannot be enforced under the Texas Arbitration Act because it was not signed by his attorney.[4] 9 U.S.C. § 1. In his second issue, he contends that the trial court abused its discretion in denying him the ability to conduct discovery before ruling on the motion to abate. In his third issue, he argues that if the arbitration agreement was valid, only the arbitrator, not the trial court, had the authority to order attorney's fees.

## II. STANDARD OF REVIEW

"To be entitled to [mandamus] relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal." *In re McAllen Med.*

---

[3] The order grants the plea in abatement but dismisses all of Murillo's causes of action against Ortiz. Nonetheless, the order is not a final, appealable order because the claims against defendant RJ Leasing, LLC are still pending.

[4] The FAA exempts transportation workers engaged in interstate commerce from enforcement of arbitration agreements if the agreement is part of a contract of employment. 9 U.S.C. § 1. An injury benefit plan containing an arbitration agreement is a contract of employment only if it is mandatory. *Compare In re Villanueva*, 311 S.W.3d 475, 480–81 (Tex. App.—El Paso 2009, no pet.) (holding that the benefit plan was a contract of employment because it was a condition of employment and therefore the arbitration agreement was not enforceable under the FAA), *with W. Texas Express v. Guerrero*, 511 S.W.3d 106, 112–13 (Tex. App.—El Paso 2014, no pet.) (employer's occupational benefit plan which included arbitration provisions was not a contract of employment because it was not mandatory).

3

*Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Id.* at 840.

The requirement that persons seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. *Id.* (citing *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989)). The writ issues "only in situations involving manifest and urgent necessity; [it is] not for grievances that may be addressed by other remedies." *Id.*

## III. ANALYSIS

### A. Order compelling arbitration

The FAA and Texas law provide for an interlocutory appeal of orders *denying* abatement and a referral to arbitration, but not of orders *compelling* arbitration. 9 U.S.C. §16(a)(1); Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1). Mandamus is thus the only avenue through which to review these orders. Mandamus, however, is "generally unavailable" to these orders because the relator can appeal the order after final judgment and has an adequate remedy by appeal. *In re Gulf Expl., LLC*, 289 S.W.3d 836, 842 (Tex. 2009). The lack of a statutory remedy is not an oversight but reflects the legislative policy favoring arbitration. "Because arbitration is intended to provide a lower-cost, expedited means to resolve disputes, mandamus proceedings will often, if not always, deprive the parties of an arbitration agreement's intended benefits when a compel-and-stay order is at issue; accordingly, courts should be hesitant to intervene." *In re Poly-Am., L.P.*, 262 S.W.3d 337, 347 (Tex. 2008); *see also Perry Homes v. Cull*, 258 S.W.3d 580, 586 (Tex. 2008) (*"*We have

4

held that routine mandamus review of such orders [compelling arbitration] in state court would frustrate this federal law.").

The availability of mandamus depends on the facts of each case. Determining whether there is an adequate remedy by appeal requires "a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding." *In re Gulf Expl.*, 289 S.W.3d at 842. "[A]s both the federal and state arbitration acts pointedly exclude immediate review of orders compelling arbitration, any balancing must tilt strongly against mandamus review." *Id.*

One factor that can shift that balance is when the underlying claims sound in tort, because, unlike with contract claims, the costs of arbitration cannot be recovered if the plaintiff later succeeds in their challenge on appeal. *Id*. But that factor, by itself, is not enough. *Id.* ("[S]tanding alone, delay and expense generally do not render a final appeal inadequate.").

In *In re Villanueva*, we balanced the benefits and detriments of compelling arbitration in a work-injury case and found that there was no adequate remedy by appeal. *In re Villanueva*, 311 S.W.3d 475, 477–78 (Tex. App.—El Paso 2009, no pet.). In *Villanueva*, as here, the plaintiff sued his employer, and the trial court ordered the parties to arbitration. *Id*. In analyzing whether the relator had an adequate remedy by appeal, we noted that the plaintiff, if he successfully appealed, "would not be able to recover his fees and expenses incurred during the arbitration proceeding" because his claim was not a contract claim. *Id*. at 483. But we also recognized that this fact was not dispositive. What was "more compelling" was that the employer had petitioned for mandamus in another case because a different trial court denied arbitration under the very same arbitration agreement. *Id.* We found that it would be "patently unjust and arbitrary to fully address the merits of the significant issues presented" in one case and not the other. *Id*. at 483–84. Similarly, in *In re Sthran*, the Dallas court of appeals held that there was no adequate remedy by appeal because the

5

case was a tort case *and* mandamus was necessary to resolve conflicting legislative mandates. *In re Sthran*, 327 S.W.3d 839, 846–47 (Tex. App.—Dallas 2010, no pet.).

Although Murillo's claims sound in tort and he may not be able to seek fees associated with arbitration if the trial court's order is later reversed, that alone is not enough to entitle him to immediate review of the trial court's order. He asserts no other factors, such as those we found compelling in *Villanueva*. Once the arbitration is promptly resolved, one or the other party will present it to a trial court to confirm the award at which time it may be appealed. *See, e.g.*, 9 U.S.C.A. § 9; *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 520 (Tex. 2014). Murillo has not shown any compelling reason why this avenue of appeal from a final judgment is not an adequate remedy.

Murillo's first issue is overruled.

## B. Denial of motion for discovery

Murillo filed a motion to reset the plea in abatement to allow him to conduct discovery about "what Murillo and other similar employees were told about the arbitration agreement, ensuring informed decisions[.]" The trial court impliedly denied this motion by not ruling on it before abating the case and ordering arbitration.

A party is entitled to discovery to defend against a motion to compel arbitration "only when it is reasonably necessary to allow the trial court to fairly and properly decide a motion to compel [arbitration]." *In re Copart, Inc.*, 619 S.W.3d 710, 714 (Tex. 2021). Murillo's affidavit supporting his response to the motion to compel arbitration states that he did not understand what he was signing and that no one explained it to him. Unless his misunderstanding was caused by Ortiz's fraud, it does not invalidate the arbitration agreement. *In re VNA, Inc.*, 403 S.W.3d 483, 487 (Tex. App.—El Paso 2013, no pet.). Murillo made no allegations of fraud aside from the

6

conclusory statement that he "was misled into believing the documents I was executing were just routine documents the company needed to complete their paperwork for employment[.]" Also, Murillo does not explain how statements made to *other* employees were relevant to the enforceability of the arbitration agreement in his case.

Based on the record before us, Murillo has not shown that the trial court abused its discretion in proceeding to rule on Ortiz's motion without allowing discovery.

Murillo's second issue is overruled.

### C. Attorney's fees

The arbitration agreement states that "[i]f either party pursues a claim covered by this Agreement by any means other than those set forth in this Agreement, the responding party shall be entitled to . . . the recovery of all costs and attorneys' fees . . . ." As a part of its motion, Ortiz sought its attorney's fees for responding to the lawsuit and responding to Murillo's opposition to arbitration. It supported that motion with billing records and affidavit support for what it expended in fees. In the order referring the case to arbitration, the trial court also further ordered that "Plaintiff shall pay Defendant Ortiz Trans, LLC attorney's fees in the amount of $17,112.50 pursuant to the terms of the Arbitration Agreement."

Murillo argues that the fee award was an abuse of discretion because the arbitration agreement, if it is valid, gives the arbitrator "authority to hear and rule on prehearing disputes[.]" The agreement also states "if there is a written agreement providing for [attorney's] fees, the hearing arbitrator shall award reasonable fees to the prevailing party." Without reference to the merits or amount of the fee award, we conclude that Murillo has an adequate remedy by appeal to challenge this order, so mandamus is not available.

The order awarding fees has no express finality language, and does not dispose of the claims of all issues, and all parties—a necessary prerequisite for an appeal. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (reciting general rule that absent statutory exception, appeals may be taken only from final judgments). Rather, it is an order that resolves one issue, and which at some time in the future will merge into a final judgment and become appealable. *See H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex. 1963) (per curiam) (holding that prior interlocutory orders merge into subsequent order disposing of remaining parties and issues, creating final and appealable judgment); *In re Alvarez*, No. 01-19-00499-CV, 2019 WL 3418572, at *1 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.) (mem. op.) (denying mandamus relief where the partial summary judgment order being challenged would later merge into a final and appealable judgment). There are exceptional situations where an interlocutory order awarding money might be subject to mandamus review—but the exception requires that the trial court has ordered the *immediate* disbursement of funds, thereby depriving a litigant of the right to supersede a judgment. *See In re New England Annuity Associates, LLC*, No. 07-23-00330-CV, 2023 WL 7440435, at *1 (Tex. App.—Amarillo Nov. 9, 2023, no pet.) (mem. op.) (issuing mandamus when trial court ordered the release of interpleaded funds before entry of a final order disposing of other pending claims); *In re Renz*, No. 03-15-00207-CV, 2015 WL 5315693, at *1 (Tex. App.—Austin Sept. 10, 2015, no pet.) (mem. op.) (issuing mandamus to where trial court ordered the immediate transfer of certain assets and required payment of the real party in interest's attorney's fees).[5]

---

[5] We could also draw a close analogy to sanctions orders that require the immediate payment of the sanction. *See In re Casey*, 589 S.W.3d 850, 855 (Tex. 2019). Generally, even "improper monetary sanctions orders can typically be rectified on appeal[.]" *Id.* (quoting *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991). But if a litigant can in good faith claim that the sanction precludes access to the court, they may request a hearing to have the trial court either (1) make the sanction payable only after a final appealable order is signed, or (2) make express written findings why the award does not have a preclusive effect on the right to litigate. *Id.* So even if we looked at this case as a sanction, the trial court's order does not impose a payment deadline, and already gives Murillo all the relief that the *Casey* line of cases would allow.

At some point, the underlying litigation will result in a final judgment, either when the claims against the co-defendants are resolved, or when the arbitration is completed and presented to the trial for confirmation. The attorney fee award would then merge into and become part of a final and appealable judgment. And because it will be subject to an eventual appeal, mandamus is not an appropriate vehicle to challenge the award.

Murillo's third issue is overruled.

## IV. CONCLUSION

Murillo has made no showing that an appeal would not be an adequate remedy for alleged errors in compelling arbitration or ordering attorney's fees. Nor has he shown that the trial court abused its discretion in disallowing discovery. Murillo's petition for writ of mandamus is denied.

JEFF ALLEY, Chief Justice

October 17, 2024

Before Alley, C.J., Palafox and Soto, JJ.

9