Russell Lloyd, Justice *632 Vantage Drilling International and its affiliates (collectively, "Vantage") petition for a writ of mandamus directing the trial court[1] to vacate its order compelling arbitration of all claims currently asserted between them and Martinez Partners, LLP. Vantage asserts that the trial court clearly abused its discretion in compelling arbitration because (1) Martinez Partners waived arbitration and (2) a final appeal would be inadequate to review the alleged waiver. Because Vantage has not shown the inadequacy of a final appeal, we deny the petition.
Background
Martinez Partners, a law firm, represented Vantage in a Foreign Corrupt Practices Act investigation and related matters, but the engagement was terminated, and Vantage hired a new law firm. Vantage did not pay some of Martinez Partners' legal fees, so Martinez Partners sued Vantage on a sworn account. The parties' engagement agreements contain arbitration clauses.
Martinez Partners filed its suit in Harris County district court. Vantage answered and counterclaimed for breach of contract, breach of fiduciary duty, and money had and received. Vantage's counterclaims were partially based on an allegation of improper mark-ups. Martinez Partners had engaged a document-review vendor to assist in the representation. According to Vantage, Martinez Partners paid the vendor at fixed hourly rates for the vendor's attorney document reviewers and then passed those costs through to Vantage at higher hourly rates without disclosing to Vantage that the attorney document reviewers were not Martinez Partners employees.
The parties litigated for eleven months, including extensive document discovery into the lawsuit's merits. Nine months into the lawsuit, during a hearing on a discovery motion, Vantage's allegation that Martinez Partners failed to disclose that the document reviewers were not Martinez Partners employees was referred to. The trial court commented to Martinez Partners' counsel, "that will be real interesting at trial because in that case, I think you may have a problem.... That's going to be interesting if y'all try it, an interesting issue." Vantage soon thereafter filed a motion for partial summary judgment on its cause of action for breach of fiduciary duty.
In month eleven of the lawsuit, Martinez Partners filed a motion to compel arbitration. Vantage responded, arguing that Martinez Partners had waived arbitration either explicitly, in comments its attorney made to the trial court, or impliedly, by substantially invoking the litigation process instead of seeking to initiate arbitration. The engagement letters signed by both parties establish that the Federal Arbitration Act ("FAA") governs the arbitration clauses.
The trial court ordered the parties to arbitrate all claims asserted in the lawsuit and stayed the lawsuit pending the arbitration's outcome. Vantage petitioned for mandamus, and Martinez Partners responded.
Final Appeal is Adequate for Reviewing Vantage's Waiver Argument
Vantage contends that an appeal after a final judgment is inadequate to review its *633 assertion that Martinez Partners waived arbitration. The dissent agrees with the position that arbitration was waived. However, we do not address the waiver argument because Vantage has an adequate remedy by appeal.
I. Standard of Review and Applicable Law
A. Mandamus standard and adequacy of final appeal
A petitioner must meet both prongs of a two-part test in order to be entitled to mandamus: "To be entitled to mandamus, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal." In re Gulf Expl., LLC , 289 S.W.3d 836, 842 (Tex. 2009) (orig. proceeding) (internal quotation omitted). Mandamus issues "to preserve important substantive and procedural rights from impairment or loss, [and] allow[s] the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." See id. at 843 (first alteration in original; second added).
"In the context of orders compelling arbitration, even if a petitioner can meet the first requirement, mandamus is generally unavailable because it can rarely meet the second." Id. at 842. "There is no definitive list of when an appeal will be 'adequate,' as it depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding." Id. ; see also In re McAllen Med. Ctr., Inc. , 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) ("Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review"). Neither the FAA nor the Texas General Arbitration Act ("TGAA") encourage immediate review of orders compelling arbitration. As a direct result, "any balancing must tilt strongly against mandamus review." In re Gulf Expl. , 289 S.W.3d at 842. "[T]he balance will generally tilt toward reviewing orders compelling arbitration only on final appeal." Id. at 843.
The required balancing tilts heavily against granting mandamus even if requiring the parties to wait for a final appeal results in wasted time and money: "Of course, if an order compelling arbitration is wrong, the parties may waste time and money in arbitration. But standing alone, delay and expense generally do not render a final appeal inadequate." Id. at 842.
If an order compelling arbitration is found to have been error, the attorneys' fees spent on the arbitration are generally recoverable because arbitration generally involves prosecuting contract claims: "[A]rbitration clauses are usually contractual and cover contractual claims. A party that prevails on a contractual claim can recover its fees and expenses, even if they were incurred in collateral proceedings like arbitration." Id. at 842-43.
B. Mandamus review under the FAA and TGAA
When the FAA applies to an arbitration clause, Texas courts must align appellate review under Texas procedure as consistently as possible with appellate review under federal procedure. In re Poly-America, L.P. , 262 S.W.3d 337, 345 (Tex. 2008) (orig. proceeding). "Although mandamus review is generally available in federal courts to review non-appealable interlocutory rulings, mandamus is granted only in exceptional cases." Id. ; see also In re Palacios , 221 S.W.3d 564, 565 (Tex. 2006) (orig. proceeding) (per curiam).
*634 If a trial court compels arbitration and dismisses the underlying lawsuit, under both federal and Texas procedure, a party generally may seek review of the order compelling arbitration by directly appealing the final judgment of dismissal. See In re Palacios , 221 S.W.3d at 565. However, if the trial court compels arbitration and stays the underlying lawsuit, interlocutory relief through mandamus is generally unavailable, and a petitioner for mandamus must meet a "particularly heavy" burden. See ids="8311225" index="13" url="https://cite.case.law/sw3d/221/564/#p565">id. ; In re Gulf Expl. , 289 S.W.3d at 842-43 (describing strong "tilt" against mandamus review of orders compelling arbitration).
Interlocutory appeals of orders compelling arbitration are disfavored under both the FAA and the TGAA. The FAA expressly forbids them. 9 U.S.C. § 16(b)(2), (3) (2016). Texas law impliedly forbids them because the TGAA expressly allows interlocutory appeals of orders denying arbitration with no similar allowance for orders compelling arbitration and because the above-referenced provision of the FAA is expressly incorporated into Texas law. See TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.016 (West 2015) (permitting interlocutory appeals of arbitration-related matters only to the extent they would be permitted by 9 U.S.C. § 16 ), 171.098(a)(1) (West 2011) (expressly permitting appeal of an order denying an application to compel arbitration); Perry Homes v. Cull , 258 S.W.3d 580, 586 & n.11 (Tex. 2008).
The strong federal presumption in favor of arbitration extends to cases involving a litigant's alleged waiver of arbitration. The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver , delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. , 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (emphasis added). The same preference for arbitration applies in waiver cases under the TGAA. See Ellis v. Schlimmer , 337 S.W.3d 860, 862 (Tex. 2011) (per curiam) ("Further, courts should resolve any doubts as to the agreement's scope, waiver, and other issues unrelated to its validity in favor of arbitration."); Cantella & Co., Inc. v. Goodwin , 924 S.W.2d 943, 944 (Tex. 1996) (per curiam) ("Federal and state law strongly favor arbitration.... Once a party seeking to compel arbitration establishes that an agreement exists under the FAA, and that the claims raised are within the agreement's scope, the trial court has no discretion but to compel arbitration and stay its proceedings pending arbitration." (internal quotation omitted) ).
C. Reviewing orders compelling arbitration and reviewing orders denying arbitration involve different standards.
The appellate standards for reviewing an order compelling arbitration are inherently different from those involved in interlocutory review of an order denying arbitration under either the FAA or the TGAA. The Supreme Court of Texas has recognized this dissimilarity: "[T]he FAA generally permits immediate appeal of orders hostile to arbitration ... but bars appeal of interlocutory orders favorable to arbitration.... [M]ost states (including Texas) have adopted the Uniform Arbitration Act, which like the FAA authorizes immediate appeal only from orders denying arbitration." In re Gulf Expl. , 289 S.W.3d at 839 (internal quotation omitted); see also In re Palacios , 221 S.W.3d at 566 ("We recognize there is some one-sidedness in reviewing only orders that deny arbitration, but not orders that compel it. Yet both the Federal and Texas acts leave little uncertainty that this is precisely what *635 the respective legislatures intended.") (citing 9 U.S.C. § 16 ; TEX. CIV. PRAC. & REM. CODE § 171.098 ).
This dissimilarity is not an anomaly; it is a conscious choice. It is a result of the legislative preference for discouraging interlocutory review of orders compelling arbitration: "[The FAA's] ban on interlocutory appeals of orders compelling arbitration was added by Congress in 1988 to prevent arbitration from bogging down in preliminary appeals. We have held that routine mandamus review of such orders in state court would frustrate this federal law." Perry Homes , 258 S.W.3d at 586.
The legislative preference for arbitration makes access to mandamus relief more difficult in part because arbitration is represented to be a lower-cost, faster alternative to jury trials: "Because arbitration is intended to provide a lower-cost, expedited means to resolve disputes, mandamus proceedings will often, if not always, deprive the parties of an arbitration agreement's intended benefits when a compel-and-stay order is at issue; accordingly, courts should be hesitant to intervene." In re Poly-America , 262 S.W.3d at 347.
Our Supreme Court imposed this heavy burden on parties seeking interlocutory review of orders compelling arbitration knowing full well that it could result in a waste of the parties' resources to require the parties to arbitrate and only later have the referral to arbitration reviewed by a court:
We agree that post-arbitration review of referral may create ... a huge waste of the parties' resources. But if review is available before arbitration, parties may also waste resources appealing every referral when a quick arbitration might settle the matter. Frequent pre-arbitration review would inevitably frustrate Congress's intent to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.
Perry Homes , 258 S.W.3d at 587 (internal quotations omitted).
With all this in mind, we turn to the balancing of case-specific benefits and detriments of interrupting or delaying this referral to arbitration. See In re Gulf Expl. , 289 S.W.3d at 842.
II. The case-specific benefits of interrupting or delaying this referral to arbitration do not outweigh the detriments.
Vantage contends that the case-specific benefits of interrupting or delaying the referral of this case to arbitration demonstrate that it has no adequate remedy by appeal. Vantage contends that it will spend more time and money to arbitrate the case instead of continuing to litigate. It also contends that the time and money it has already spent in litigating would be wasted. Finally, it contends both that Martinez Partners should not be given its preference for arbitration because Martinez Partners' conduct is an impermissible tactical decision that prejudices Vantage and that the prejudice would be further compounded by waiting for a post-arbitration appeal.
A. Avoiding further delay and expense
This purported benefit is, on its own, no benefit at all under our Supreme Court's precedents. It is well-established that avoiding further delay and expense that would occur without mandamus intervention is no basis on its own for holding that a final appeal would be inadequate. See In re Gulf Expl. , 289 S.W.3d at 842 ; Frontera Generation L.P. v. Mission Pipeline Co. , 400 S.W.3d 102, 114-15 (Tex. App.-Corpus Christi 2012, no pet.) (denying mandamus because final appeal would be adequate *636 in spite of alleged risk that power plant belonging to litigant would have to remain shut down during arbitration). This is true in the arbitration context even assuming the possibility of "a huge waste of the parties' resources." See Perry Homes , 258 S.W.3d at 587 ; accord In re Gulf Expl. , 289 S.W.3d at 842. This purported benefit, then, does not advance Vantage's position.
B. Time and money already spent would be wasted
This purported benefit has three problems.
First, most, if not all, of the attorneys' fees Vantage has spent in the litigation may be recoverable. Vantage pleaded a claim for attorneys' fees. Attorneys' fees are not unrecoverable simply because the parties arbitrate the claim rather than litigating it. See In re Gulf Expl. , 289 S.W.3d at 842-43 ("A party that prevails on a contractual claim can recover its fees and expenses, even if they were incurred in collateral proceedings like arbitration."). Vantage is suing on a contract and defending a contract suit, and its attorneys' fees incurred in pursuing that claim, or in pursuing or defending against sufficiently interrelated claims, may ultimately be recoverable. See, e.g. , Tony Gullo Motors I, L.P. v. Chapa , 212 S.W.3d 299, 313-14 (Tex. 2006) ; Brockie v. Webb , 244 S.W.3d 905, 910 (Tex. App.-Dallas 2008, pet. denied).
Second, Vantage contends that its time spent in paper discovery is now wasted because the parties must arbitrate. However, Vantage has not shown that it will not be able to benefit from this paper discovery in the arbitration. Any evidence discovered so far could be admissible in the arbitration hearing, and, thus, may very well have not been wasted. See, e.g. , Ellis v. Schlimmer , No. 13-09-00426-CV, 2011 WL 3821969, at *3 (Tex. App.-Corpus Christi Aug. 24, 2011, no pet.) (mem. op.) ("The modicum of discovery accomplished related to the merits of the case and could therefore be useful in arbitration.").
Third, Vantage relies in large part on In re Prudential Insurance Co. of America , 148 S.W.3d 124 (Tex. 2004) (orig. proceeding). In In re Prudential Insurance , the parties to a commercial lease litigated a dispute under the lease. Despite having agreed to waive the right to a jury trial for any dispute under the lease, the tenant nonetheless requested a jury trial. The landlord, Prudential, moved to quash the request for a jury trial, the trial court denied the motion, the Court of Appeals denied Prudential mandamus relief, and Prudential petitioned for mandamus in the Texas Supreme Court. The Supreme Court granted mandamus and directed the trial court to grant Prudential's motion to quash the jury-trial request, holding that Prudential lacked an adequate remedy by appeal. The Court held that the contractual waiver of jury trial that the tenant had agreed to could never be recovered if Prudential were made to litigate the dispute before a jury:
In no real sense can the trial court's denial of Prudential's contractual right to have [tenant] waive a jury ever be rectified on appeal. If Prudential were to obtain judgment on a favorable jury verdict, it could not appeal, and its contractual right would be lost forever. If Prudential suffered judgment on an unfavorable verdict, Prudential could not obtain reversal for the incorrect denial of its contractual right "unless the court of appeals concludes that the error complained of ... probably caused the rendition of an improper judgment". Even if Prudential could somehow obtain reversal based on the denial of its contractual right, it would already have lost a part of it by having been subject to the procedure it agreed to waive.
*637 In re Prudential Ins. Co. , 148 S.W.3d at 138. No analogous loss of contracted-for rights is at risk here. Indeed, Vantage agreed to arbitrate. Leaving the trial court's order compelling arbitration undisturbed enforces the parties' contracted-for arbitration rights.
The extreme cases that In re Prudential Insurance cited as demonstrating an inadequate remedy by appeal are distinguishable from this case. Generally, avoiding further expense and delay is, on its own, no basis for granting mandamus. An exception to that rule was identified in In re Prudential Insurance . It involved granting mandamus relief to protect a defendant from having to "defend[ ] the claims of more than 8,000 plaintiffs in litigation that would last for years." Id. at 136. There is no similar danger in Vantage's case. The court also noted that a grant of mandamus was necessary to correct a trial-court order that would "not only cost the carrier money but 'radically skew[ed] the procedural dynamics of the case' by requiring the defendant to fund the plaintiff's prosecution of her claims." Id. (alteration in original). There is no risk of that in this case. The Court further noted that mandamus was necessary to correct a trial court, who "on its own motion and without any authority whatever, split two cases into sixteen and transferred venue of fourteen of them to other counties." Id. Mandamus was necessary there because of "the complete lack of authority for the trial court's order, and the impact on the legal system. We simply could not justify putting the civil justice system itself to the trouble of grinding through proceedings that were certain to be 'little more than a fiction.' " Id. at 137. In contrast, the trial court here, instead of lacking authority to compel arbitration, was simply enforcing the parties' agreement to arbitrate. The only proceedings in the civil-justice system that Vantage can point to as being "little more than a fiction" is a potential future final appeal by Vantage in which Vantage invokes, and succeeds on, its objection to arbitration. The Supreme Court found this kind of relief to be adequate in Perry Homes . Vantage has not shown that its case is one of "those rare cases" where arbitration improperly compelled merits mandamus relief. See In re Gulf Expl. , 289 S.W.3d at 843.
C. Martinez Partners' impermissible tactical conduct
Vantage also contends that overturning the trial court's order would avoid the inherent unfairness and prejudice caused by Martinez Partners' belated invocation of arbitration. Vantage contends that Martinez Partners was happy to litigate until the trial court made a comment that Vantage alleges could be interpreted as doubting the strength of Martinez Partners' case. Vantage points to no authority that litigating with such an alleged insight is to be valued above Congress's and the Texas Legislature's preference for arbitration as a vehicle for settling disputes. The judiciary's role among the other branches of government requires that we give deference to legislative priorities such as arbitration. See In re Gulf Expl. , 289 S.W.3d at 842 ("[I]n balancing these matters, our place in a government of separated powers requires us to consider also the priorities of the other branches of Texas government. Legislative acts encouraging or discouraging interlocutory review must weigh heavily in the balance of benefits and detriments. Here, as both the federal and state arbitration acts pointedly exclude immediate review of orders compelling arbitration, any balancing must tilt strongly against mandamus review." (internal quotation omitted) ). Intervening via mandamus does harm to those priorities.
*638 Vantage asserts that its position is supported by Perry Homes and Tuscan Builders, LP v. 1437 SH6 L.L.C. , 438 S.W.3d 717 (Tex. App.-Houston [1st Dist.] 2014, pet. denied). Perry Homes , however, demonstrates just how high the bar for waiver is set.[2]
Tuscan Builders was an interlocutory appeal from a denial of a motion to compel arbitration. Tuscan Builders , 438 S.W.3d at 718. Appeal from a denial is specifically permitted and favored by both the FAA and the TGAA. Therefore, Tuscan Builders necessarily involved different appellate standards for review than does this case. Further, there was no analysis of the adequacy of final appeal in Tuscan Builders .[3] Cf. In re Gulf Expl. , 289 S.W.3d at 839 ; In re Palacios , 221 S.W.3d at 566.
Given the heavy tilt in favor of arbitration that stems from the legislative priorities expressed in the FAA, the TGAA, and cases applying them, it appears that the detriments of disrupting the arbitration outweigh any benefits. See In re Gulf Expl. , 289 S.W.3d at 842. We resolve any doubts in favor of arbitration by declining to issue mandamus overruling the trial court's order compelling arbitration. See Moses H. Cone Mem'l Hosp. , 460 U.S. at 24-25, 103 S.Ct. 927 ; Ellis , 337 S.W.3d at 862.
III. Vantage's remaining cases are distinguishable.
Vantage relies on two arbitration mandamus cases- In re Sthran , 327 S.W.3d 839 (Tex. App.-Dallas 2010, orig. proceeding), and In re Villanueva , 311 S.W.3d 475 (Tex. App.-El Paso 2009, orig. proceeding [mand. dism'd] ). They are both distinguishable.
In re Sthran is distinguishable because final appeal was found to be inadequate for reasons not present in Vantage's case. Sthran's husband had died in a nursing home. Sthran sued the nursing home for negligence. The trial court compelled arbitration under the nursing home's admission contract. Sthran petitioned for a writ of mandamus directing the trial court to vacate its order compelling arbitration. The court of appeals conditionally granted Sthran's petition, reasoning that Sthran had no adequate remedy by appeal because Sthran had not brought a contract claim and because "delay and expense in cases in which arbitration clauses cover contractual claims 'generally do not render a final appeal inadequate.' " In re Sthran , 327 S.W.3d at 846 (quoting In re Gulf Expl. , 289 S.W.3d at 843 ). Because Sthran's negligence action sounded in tort, forcing Sthran to wait for an appeal was an inadequate remedy because "it is not clear that any fees and expenses incurred as a result of arbitration will be recoverable." In re Sthran , 327 S.W.3d at 846. Even if the improperly compelled arbitration could be undone on final appeal, the fees and expenses that Sthran would have to incur in arbitrating would never be recoverable because she asserted a tort cause of action. Had Sthran brought a contract action instead, the hypothetical arbitration fees and expenses could have been recoverable.
Second, Sthran's was "one of those 'rare cases' when legislative mandates might be construed to conflict." Id. A provision of the Medical Liability Act entitled Sthran *639 to notice of the admission contract's arbitration clause, but no such notice was provided. The court discussed how In re Gulf Exploration approves mandamus review for orders compelling arbitration in order to "preserve important substantive and procedural rights from impairment and loss...." In re Sthran , 327 S.W.3d at 846 (quoting In re Gulf Expl. , 289 S.W.3d at 843 ). The court agreed with Sthran that, because the admission contract did not comply with the Medical Liability Act's notice provision, her statutory right to notice could be protected only by mandamus.
Vantage cannot rely on In re Sthran because, first, Martinez Partners and Vantage both assert contract actions, and Vantage is asserting and defending against interrelated counterclaims. Vantage's legal expenses may later be shown to have advanced both its contract action and one or more of its other causes of action. Cf. Tony Gullo Motors I , 212 S.W.3d at 313-14 ; Brockie , 244 S.W.3d at 910. If, on final appeal, the referral to arbitration is found to be error, Vantage may seek to recover the arbitration fees and expenses it may have incurred. Further, Vantage identifies no statutory provisions whose enforcement would be impaired by an order compelling arbitration.
In re Villanueva is also distinguishable. Villanueva asserted a tort claim and not a contract claim. Further, Villanueva sued his employer for an on-the-job injury, and the trial court compelled arbitration under Villanueva's employment contract. The court of appeals held that the authority to compel arbitration came from Texas common law, not the FAA or TGAA. That was significant because "[m]andamus is the appropriate procedure by which we may review the trial court's ruling on a motion to compel arbitration under the common law." In re Villanueva , 311 S.W.3d at 481. The court then held that Texas common law rendered the arbitration clause void and unenforceable. Id. at 482.
However, Texas common law does not govern Vantage's case. Both parties agree that either or both of the FAA and the TGAA govern. Though mandamus may be appropriate for regularly reviewing orders compelling arbitration under Texas common law, see In re Villanueva , 311 S.W.3d at 481, it is generally not favored in most situations involving arbitration under the two statutes. See In re Gulf Expl. , 289 S.W.3d at 842.
Vantage also cites In re Team Rocket, L.P. , 256 S.W.3d 257 (Tex. 2008) (orig. proceeding), which is a mandamus case that did not involve arbitration. It therefore did not address the strong preference for arbitration that In re Gulf Exploration emphasizes. Instead, the grant of mandamus there concerned litigants' statutory venue rights. A family had filed wrongful-death claims in Harris County, but venue was transferred to Williamson County. The family then nonsuited their case and re-filed the same lawsuit in Fort Bend County. The Fort Bend County court refused to transfer venue to Williamson County, and the defendants petitioned for a writ of mandamus. The court conditionally granted the writ to protect the defendants' statutory venue rights: "To say that the Fort Bend County trial court, which violated statutory venue procedure and [ TEX. R. CIV. P. ] 87(5), committed reversible error while declining to correct the injustice would compromise the integrity of the venue statute and result in an irreversible waste of resources." In re Team Rocket , 256 S.W.3d at 263.
The danger of "compromis[ing] the integrity of the" waiver doctrine is much less compelling here than the danger of compromising statutory venue rights was in In re Team Rocket . Perry Homes stands for the proposition that, in most cases, waiver *640 of arbitration can be adequately addressed on final appeal. In contrast, the proper application of the venue statute in In re Team Rocket could not have been protected without mandamus because the defendants would have been forced to litigate in a forum where venue was improper. In re Team Rocket , like In re Sthran , involved using mandamus to preserve statutory rights, but Vantage asserts no statutory rights that require mandamus protection.
Vantage may challenge the referral to arbitration after the arbitration is completed as contemplated by both In re Gulf Exploration and Perry Homes . Because final appeal is adequate for Vantage, it is not entitled to mandamus relief.
Conclusion
We deny the petition for mandamus.[4]

The underlying case is Cause No. 2016-27737; Martinez Partners, LLP v. Offshore Group Investment Limited d/b/a Vantage Drilling International, Vantage Deepwater Drilling, Inc., and Vantage Energy Services, Inc. ; In the 133rd District Court of Harris County, Texas; Hon. Jaclanel McFarland presiding.

"To date, we have never found such a waiver...." Perry Homes , 258 S.W.3d at 590.

The same is true for Okorafor v. Uncle Sam & Associates, Inc. , 295 S.W.3d 27 (Tex. App.-Houston [1st Dist.] 2009, pet. denied), on which Vantage also relies. That case reviewed an order denying arbitration. See above at section I.C.

We also deny as moot Vantage's pending Motion for Temporary Relief.